**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| **VS.** | : | CA06-513ML |
| **NFA CORPORATION** | : | |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff Lorraine Femino submits this Complaint for Injunctive and Declaratory Relief. As grounds therefore, Plaintiff alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 USC § 1331, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
2. Venue for this action is predicated upon 28 U.S.C.A § 1391, as the district in which the action is brought, where the actions arose, where the Plaintiff lives and experiences the actions.

## II. PARTIES

1. Plaintiff, Lorraine Femino, a citizen of the State of Rhode Island in the United States of America, plaintiff herein, pro se, and as a former employee of NFA Corporation d/b/a/ Hope Global, as a result of circumstances that have made it impossible for her to find adequate and conscientious legal counsel, and as a plan participant as defined under 29 USC § 1002 (7).

2. Defendant NFA Corporation (hereafter NFA) as the Plan Administrator and Plan Sponsor of the Group Disability Benefit DG-67020-RI provided to Hope Global employees and located at 850 Boylston Street, Suite 428, Chestnut Hill, Ma, 02467, Tel (617)-232-6060.

3. Linda Haddock, in her capacity as an NFA Corporation d/b/a Hope Global Human Resources Specialist, located at 50 Martin Street, Cumberland, Rhode Island 02864 (hereafter Linda Haddock) and as a "party in interest" as defined under 29 USC § 1002(14)(a) where Linda Haddock did previously provide a sworn affidavit in the matter of accuracy of plan documents provided to plaintiff in litigation Lorraine Femino v. NFA Corporation, CA 05-019. Plaintiff has requested from NFA Linda Haddocks mailing address but has been denied this information. On information and belief, Linda Haddock works regularly at the Hope Global address provided herein.

## III. INTRODUCTION

4. Plaintiff files this Complaint under the Employee Retirement Income Security Act, 29 U. S. C. § 1001, et. seq. (" ERISA") to enjoin NFA from denying plaintiff accurate information about the NFA Group Disability Welfare Benefit DG-67020-RI

(hereafter Plan) where NFA is required by ERISA to provide to plaintiff accurate and timely Plan information to allow plaintiff to protect interests in claims to possible future Plan benefits.

5. The Complaint [1] pertains to NFA's refusal to provide an understandable answer to a question requested by plaintiff asking which Plan documents contain policies used to determine the termination of plaintiffs Plan benefits. Plaintiff has asked this question of NFA to resolve a question of whether or not plaintiff has a claim for Plan benefits.

6. This question arises at this late date due to recent information provided to plaintiff by NFA that a Plan document previously understood by plaintiff to be the Summary Plan Description is now alleged by NFA to actually be the "true and correct" Plan document.

7. Plaintiff alleges that if the alleged Summary Plan Description and Plan Document are accurate in accordance with Plan terms and ERISA, Plaintiff may have a valid claim for benefits against the Plan.

8. NFA has refused to provide to plaintiff requested confirmation that there are no other Plan documents containing Plan policies apart from the alleged Summary Plan

---

[1] Plaintiff is mindful of the amount of litigation that has transpired in the past two years on matters of complaints between Femino and NFA. Plaintiff respectfully requests that the Court consider that in all of this time, plaintiff has been unable to establish a simple fact of what specific policies were used to terminate plaintiffs benefits in NFA's ERISA welfare benefit Plan. Plaintiff alleges in this action that it has not been due to Plaintiff not asking questions, but due to NFA using silence to disadvantage plaintiff in understanding all Plan policies. Due to the harm caused to plaintiff from the alleged violations of ERISA by NFA, and in view of this Courts recent opinion not to hear plaintiffs Motion to Compel in CA 06-143ML due to the Motion being based on ERISA, (Order, Judge Mary Lisi, October 25, 2006), plaintiff files this ERISA action to protect all possible future benefits plaintiff might be entitled to from the Plan. Plaintiff notes that a civil action has not previously been filed in Federal Court against the Plan by plaintiff. Plaintiff will not object if this Court wishes to recommend combining this specific ERISA action into CA 06-143ML.

Description and Plan Document. Plaintiffs complaint is that under 29 U.S.C. § 1104(a)(1), (fiduciary duties), NFA is obligated to provide a written accurate and understandable answer to this question to allow plaintiff to protect claims to possible future Plan benefits. Plaintiff brings this suit to enforce such protected rights.

9. The Supreme Court has held that "Congress intended in ERISA section 404(a) to incorporate the fiduciary standards of trust law into ERISA". *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 US 134, 153 (1985). Under 29 U.S.C. § 1104(a)(1), plan fiduciaries are required to "discharge duties with respect to a plan solely in the interest of the participants and beneficiaries". See also *Restatement of Trusts*, section 173, comment d, which holds "[t]he trustee is under a duty to communicate to the beneficiary material facts affecting the interest of the beneficiary which he knows the beneficiary does not know but needs to know for his protection".

10. An answer to a single question cannot reasonably be called a burden by NFA since a Plan fiduciary must employ "care, skill, prudence, and diligence" in the duties of Plan administration *Beddal verses State Street Bank and Trust Company*, 137 F. 3d 12, 18 (First Circuit 1998) (quoting 29 U.S.C. § 1104(a)(1)(B)).

## IV. STATEMENT OF FACTS

12. The Plan is an employee welfare benefit plan as defined in ERISA 3(3); 29 U.S.C. § 1002(3) and an employee welfare benefit plan as defined in ERISA 3(1); 29 U.S.C. § 1002(1).

13. Linda Haddock is a Human Resources Specialist for NFA Corporation d/b/a/ Hope Global responsible to coordinate the various benefits offered to employees with duties to provide employees with information regarding the various benefit plans.

14. Linda Haddock did provide a sworn affidavit in prior litigation Lorraine Femino v. NFA Corporation d/b/a/ Hope Global CA 05-019, Document 89, at 7, (hereafter Linda Haddock affidavit) stating that Plaintiff had been provided a copy of the plan document.

15. NFA is a plan fiduciary in this matter as defined under ERISA 3(21)(A) which states in pertinent part "a person is a fiduciary with respect to a plan to the extent…(iii) he has any discretionary authority or discretionary responsibility in the administration of such plan".

16. Prudential is the Plan provider

17. Prudential is not a named Plan fiduciary.

18. Prudential did provide to plaintiff a Notice of Denial of Benefits (hereafter Notice) in accordance with requirements under 29 U.S.C. § 1133(1) "setting forth the specific reasons for such denial" where Prudential claims plaintiffs benefits after 24 months were terminated based on policies contained in an alleged Plan contract.

19. Plaintiff did previously believe the Notice was accurate until recently when NFA did establish that the Plan was based on other governing Plan documents.

20. Plaintiffs claim file was closed by Prudential on or about January 20, 2005 denying plaintiff's second request for appeal.

21. Plaintiff remains within the Plan's 3 year statute of limitations to file a claim for benefits against the Plan.

22. Plaintiff did receive from NFA an alleged "true and correct copy of the Plan Document, as amended in 1999, which includes the updated Summary Plan Description" where such document was entered as "Exhibit H" in prior litigation (hereafter Exhibit H). (See Lorraine Femino v NFA Corporation d/b/a/ Hope Global CA 05-019, Document 88, NFA statement of undisputed facts, pages 1,2 at 4).

23. Plaintiff "may become eligible" to receive benefits from the Plan based on the alleged accuracy of information provided to Plaintiff by NFA about Plan terms as contained in Exhibit H where Exhibit H contains no discernable discretionary policies.

24. Plaintiff is a Plan participant as defined under ERISA 3(7), which defines the term ``participant'' to mean: "any employee or former employee of an employer, ...who is or may become eligible to receive a benefit of any type from an employee benefit plan"

25. Plaintiff has requested from NFA information on Plan policies Prudential did enforce to terminate plaintiffs benefits apart from those contained in Exhibit H, but has not received a response plaintiff can understand.

## V. STATEMENT OF THE CASE

27. Plaintiff relies on NFA in their capacity as a Plan fiduciary as defined under ERISA3(21)(A) to provide accurate Plan information "written in a manner calculated to be understood" by plaintiff. 29 U.S.C. § 1133(2) and 29 U.S.C. § 1022(a)

28. A conflict between the Plan information provided by Prudential and NFA to Plaintiff is properly resolved by NFA where Prudential does not have fiduciary duties in this matter and NFA does have fiduciary duties. See e.g. *Armstrong v. Jefferson Smurfit Corp.*, 30 F.3d 11, 12 (1st Cir. 1994) (holding a fiduciary must disclose material facts of

which plan participants are unaware but need to know in order to protect their interests in dealing with third parties).

29. Plaintiff has requested assistance from NFA to obtain accurate and understandable Plan information to protect plaintiffs interests in possible future claims against the Plan but has been denied an answer that is understandable to plaintiff pertaining to what Plan documents contain policies used in the termination of plaintiffs Plan benefits.

30. Previously, plaintiff had relied on the Notice provided by Prudential as being in conformance with 29 U.S.C. § 1133(1) where 29 U.S.C. § 1133(1) requires "accuracy" in the Notice.

31. On information and belief, plaintiff alleges that NFA is aware that information NFA has provided to Plaintiff on this matter is insufficient to allow plaintiff to discern which plan policies exist in which Plan documents See *In re Unisys ERISA Litig.*, 57 F.3d 1255, 1264 (3rd Cir. 1995) (recognizing "employers duty, as an ERISA fiduciary, not to misinform employees through…incomplete, inconsistent, or contradictory disclosures").

32. On information and belief, Plaintiff alleges harm from not having complete and accurate Plan information by which plaintiff could sufficiently protect possible future Plan benefits.

33. ERISA expressly authorizes plan participants to sue to enjoin breaches of fiduciary duty under 29 U.S.C. 1132(a)(3). See *Varity Corp. v. Howe*, 116 S. Ct. 1065 (1996), (holding that 29 U.S.C. § 1132(a)(3) may permit equitable relief against a plan administrator for breaches of the fiduciary duty imposed on such administrators by ERISA).

34. Plaintiff brings this lawsuit under 29 U.S.C. § 1132(a)(3) to protect plaintiffs possible future interests in Plan benefits by enjoining NFA from using silence against plaintiff in this matter. See *Bixler v. Central Penn. Teamsters Health & Welfare Fund,* 12 F.3d 1292, 1300 (3d Cir. 1993) (holding a fiduciaries duty to inform "entails not only a negative duty not to misinform, but also an affirmative duty to inform when the trustee knows that silence might be harmful") See also *Glaziers & Glassworkers Local 252 Annuity Fund v. Newbridge Sec.*, 93 F.3d 1171, 1181 (3d Cir. 1996) ("duty to disclose material information is the core of a fiduciary's responsibilities").

35. ERISA Section 503; 29 U.S.C. § 1133 (Claims procedure) states in pertinent part "every employee benefit plan shall … (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim. See e.g. *Bixler v. Central Pa Teamsters Health & Wel. Fund,*, supra, 12 F.3d at 1300-03 (Holding that a fiduciary had a duty to help a beneficiary find her best options, even if she did not ask the precise technical question).

## VI. ARGUMENT

36. The premise of plaintiffs complaint is that plaintiff may be entitled to Plan benefits if NFA's allegation on the identity of the Summary Plan Description and Plan document being Exhibit H, shows that these documents are accurately the Summary Plan

Description and Plan document in accordance with terms of the Plan and ERISA. The basis for the premise is that neither the alleged Summary Plan Description or the Plan Document contain any discernable written discretionary policies. See e.g. *Curtiss-Wright v. Schoonejongen*, 514 U.S. 73, 84 (1995) (holding ERISA Section 402(a), 402(b4); 29 U.S.C. §§ 1102(a), 1102(b4) sets out "functional requirement[s]" that the Plan specify the basis on which payments are made to and from the plan in a "written instrument"). See also *Mattias v Computer Sciences Corp.*, 34 F. Supp.2d 120, 124-125 (D.R.I. 1999) (holding that there can only be two governing Plan instruments being a "a detailed explanation of the ERISA plan (the plan document) and a summary for employees to read (the summary plan document or SPD)".

37. Plaintiff relies on NFA's claims that "Exhibit H" is the "true and correct copy of the Plan document…and Summary Plan Description" for the Plan insofar as believing a claim to Plan benefits may be possible if NFA's allegation of Exhibit H is accurate in accordance with ERISA. See *United States v. Velez Carrero*, 140 F.3d 327, 330 (1st Cir. 1998) (holding defendants be precluded from "asserting legal or factual positions inconsistent with the positions that they took in prior proceedings").

38. Under ERISA, NFA's affirmative position that Exhibit H is the "true and correct" Plan Document and Summary Plan Description might preclude other Plan documents from being recognized as governing Plan documents. See e.g. *Smart v. Gillette Co. Long-Term Disability Plan*, 70 F.3d 173, 179 (1st Cir. 1995) (noting that, for interpretive purposes, "[a]ccepted canons of construction forbid the balkanization of contracts").

39. The threshold for a "colorable" ERISA claim to Plan benefits in the First Circuit is based on a plan participant having an "arguable" ERISA claim for relief. See *City of*

*Hope Nat'l Med. Ctr. v. Healthplus, Inc.*, 156 F.3d 223, 230 n.9 (1st Cir. 1998) (quoting the "colorable claim" standard from *Kennedy v. Connecticut Gen. Life Ins. Co.*, 924 F.2d 698 (7th Cir. 1991) (Holding that "[A]s Firestone held, jurisdiction depends on an arguable claim, not on success."). See also *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 790 (7th Cir. 1996) ("The requirement of a colorable claim is not a stringent one.").

40. A plan participant is defined as those who "may become eligible" to receive benefits who "have a colorable claim that . . . he or she will prevail in a suit for benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117-18 (1989).

41. As a Plan participant with interests in protecting possible future Plan benefits, plaintiff has the right under ERISA to receive accurate Plan information from NFA to reconcile material differences in the Notice provided to Plaintiff and documents NFA claims are the "true and correct" Plan Document and Summary Plan Description. See *Cooper vs. IBM Personal Pension Plan*, 274 F.Supp.2d 1010 (S.D. Ill. 2003). (Holding "The plain language of [ERISA § 502(a)] confers statutory standing to plan participants,...who seek to protect their employee benefit rights").

## VII. CAUSE OF ACTION

42. NFA did deprive plaintiff of legally protected interest in accurate and comprehensive information pertaining to Plan terms and conditions used to terminate plaintiffs Plan benefits thus denying Plaintiff an ability to protect future interests in possible Plan benefits in violation of ERISA Section 404, 29 U.S.C. § 1104 ("Fiduciary duties"), which requires, in pertinent part, that "a fiduciary shall discharge his duties with

respect to a plan solely in the interest of the participants and beneficiaries and ... (D) in accordance with the documents and instruments governing the plan. Plaintiff's claim for relief is made under ERISA Section 502(a)(3); 29 U.S.C. § 1132(a)(3).

WHEREAS, Plaintiff prays that this Court:

Order such appropriate equitable and remedial relief to ensure that Plaintiff receives accurate and comprehensive information on Plan policies that may exist in Plan documents apart from the document referenced herein as "Exhibit H" where such information be provided to plaintiff in a understandable written response from NFA.

Respectfully submitted

Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933