UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 06-513ML |
| | : | |
| NFA CORPORATION | : | |

**MEMORANDUM AND ORDER**

Before this Court for Determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (Document No. 2) pursuant to 28 U.S.C. § 1915. On November 27, 2006, Plaintiff Lorraine Femino filed a Complaint for Injunctive and Declaratory Relief. (Document No. 1). Plaintiff's Complaint alleges entitlement to certain information under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq. Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $350.00 civil case filing fee. This Court also notes that Plaintiff was granted IFP status previously in this District in Femino v. NFA Corporation, No. 06-143ML and Femino v. NFA Corporation d/b/a Hope Global, et. al., No. 05-19ML. After reviewing Plaintiff's Application signed under penalty of perjury, this Court concludes that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (Document No. 2) is GRANTED.

Additionally, Section 1915 of Title 28 requires a federal court to evaluate actions filed IFP and dismiss an action brought thereunder if the court determines that the action "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(i) and (ii). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of New York, 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should

not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

This Court has thoroughly reviewed the somewhat confusing allegations contained in Plaintiff's Complaint and notes that the action appears directly related to relief Plaintiff believes she was wrongfully denied in a discovery dispute in C.A. No. 06-143ML. If Plaintiff is using this "new" action solely as an avenue to appeal the denial of her Motion to Compel in C.A. No. 06-143ML or to get a "second bite at the apple" regarding that discovery dispute, Plaintiff's "new" Complaint would be considered frivolous and subject to dismissal by the Court under Section 1915. However, the standard governing Section 1915 review of a Complaint is stringent, and taking all of Plaintiff's allegations as true and drawing all reasonable factual and legal inferences in her favor, this Court cannot, on the current state of the record, conclude to a legal certainty that Plaintiff's Complaint fails to state a claim under ERISA, or is otherwise frivolous or malicious.

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (Document No. 2) is GRANTED. Although Plaintiff's Complaint has "passed" the initial screening requirement of Section 1915(e), this preliminary determination is, of course, without prejudice to any future legally and/or factually supported dispositive motions brought by Defendant under Fed. R. Civ. P. 12 or 56.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 15, 2006