UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 06-513ML |
| | : | |
| NFA CORPORATION d/b/a | : | |
| HOPE GLOBAL, et al. | : | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant NFA Corporation hereby moves for summary judgment on all claims contained in Plaintiff's Complaint. In support of this motion, defendant relies upon its Local Rule Cv 56 Statement of Undisputed Material Facts, the Memorandum of Law In Support Defendant's Motion For Summary Judgment, and the evidentiary material attached thereto.

NFA Corporation,

By their Attorneys,
PANNONE LOPES & DEVEREAUX LLC

/s/ William E. O'Gara
William E. O'Gara, Esq. (#4257)
1800 Financial Plaza
Providence, RI 02903
(401) 824-5100
(401) 824-5123 (facsimile)

## CERTIFICATION

The undersigned hereby certifies that a true copy of the foregoing document was filed via ECF and mailed by first class mail, postage prepaid on this 8th day of February, 2007 to:

Lorraine Femino
4 Bayou Drive
Greenville, RI 02828

/s/ William E. O'Gara

Doc #4301

UNITED STATES DISTICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 06-513ML |
| | : | |
| NFA CORPORATION d/b/a | : | |
| HOPE GLOBAL, et al. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

In the plaintiff's third cause of action against NFA Corporation ("NFA") she advances one claim. The plaintiff alleges that NFA violated certain ERISA provisions by failing to provide her with confirmation that there are no additional plan documents apart from those documents already provided to her by NFA. Because the facts and related claims raised by the plaintiff were previously raised or could have been raised in earlier ERISA suits, the plaintiff's claim should be dismissed pursuant to the doctrine of res judicata.

## PERTINENT FACTS

NFA Corporation ("NFA") is the Plan Sponsor and Plan Administrator of the "NFA Corporation Employee Long Term Disability Coverage for all Employees" plan ("Plan"). (Defendant's Local Rule Cv 56 Statement of Undisputed Material Facts (hereinafter "Facts") ¶ 1.) The plaintiff enrolled in NFA's long-term disability plan ("the Plan") when she began her employment with NFA in 1995. (Facts ¶ 2.) In 1999, the Plan was amended and the Prudential Insurance Company of America ("Prudential") became the insurer. (Id. ¶ 3.) A number of changes were made to the Plan, including the

imposition of a 24 month benefit period for disabilities primarily based on self-reported symptoms. (Id. ¶ 4.)

In May of 2001, plaintiff stopped work due to fibromyalgia, an alleged disabling condition. (Id. ¶ 5.) Benefits were approved following plaintiff's administrative appeal, and plaintiff received payments under the Plan. (Id. ¶ 6.) Benefits were subsequently terminated in 2003 based on the self-reported symptoms provision of the Plan limiting recovery for disabilities based on self reported symptoms to 24 months. (Id. ¶ 7.) Plaintiff commenced an action on January 20, 2005 claiming various violations under ERISA. (Id. ¶ 8.) The plaintiff filed a second amended complaint on February 1, 2006 asserting the following claims: (1) Failure to disclose material modifications to the Plan in connection with the 1999 amendments, in violation of 29 U.S.C. § 1022 and 29 CFR 2520.104a-7. (2) Breach of fiduciary duty by implementing the amended plan "without a written Plan Document" in violation of 29 U.S.C. §§ 1102 and 1104. (3) Breach of disclosure obligation by failing to timely provide plaintiff a copy of the 1995 SPD upon her written request in November of 2004, for which plaintiff sought civil penalties under 29 U.S.C. § 1132(c)(1)(B). (Id. ¶ 9.) The defendant's motion for summary judgment in Femino I was granted on July 17, 2006. (Id. ¶ 10.)

On March 28, 2006, the plaintiff filed a second complaint alleging violations under the Americans with Disabilities Act and ERISA. Femino v. NFA Corp., (CA 06-143ML) (Id. ¶ 11).

The plaintiff filed the instant complaint on November 27, 2006 alleging violations of ERISA. Femino v .NFA Corp., (CA No. 06-513ML) (Id. ¶ 12).

LEGAL STANDARD

Summary judgment is appropriate if there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Once the moving party has made its preliminary showing that no genuine issue of material facts exists, the non-movant must contradict the showing by pointing to specific facts demonstrating that there is, indeed, a trial-worthy issue. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). To satisfy the criterion of trial-worthiness, the non-movant must establish the existence of an issue that is both genuine and material to his claim. *See* Pagano v. Frank, 983 F.2d 343, 347 (1st Cir. 1993). A "genuine issue" is one "supported by such evidence that a reasonable jury, drawing favorable inferences, could resolve it in favor of the nonmoving party." Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999). "Material" means that a fact has the potential of affecting the outcome of the case. *See* Kearney v. Town of Wareham, 316 F.3d 18, 22 (1st Cir. 2002).

As to issues on which the nonmoving party bears the burden of proof, "he must present definite, competent evidence to rebut the motion." Id. (quotation and citation omitted). The non-movant may not defeat a motion for summary judgment by relying upon evidence that is "merely colorable" or "not significantly probative." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). Thus, summary judgment will be appropriate where the non-moving party rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

## ARGUMENT

### I. PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA.

The gravamen of the plaintiff's complaint is her claim that NFA violated its fiduciary duty to her as a plan participant by failing to confirm to her that there are no additional plan documents. The plaintiff prays that the court compel NFA to provide her with the requested information. Plaintiff's claim appears to proceed as follows: (1) NFA has certain fiduciary duties under 29 U.S.C. §§§ 1104(a)(1), 1133(2), and 1022(a) that obligate it to provide the plaintiff a written accurate and understandable answer to questions in order to allow the plaintiff to protect possible future benefits; (2) Because the documents provided to the plaintiff thus far do not contain the discretionary policies allegedly used to terminate plaintiff's benefits, there must exist additional documents which contain these provisions; (3) If there are no such documents, the documents provided to the plaintiff thus far are in violation 29 U.S.C. § 1102 requiring a written instrument to specify the basis on which payments are made to and from the plan. All of the issues raised in this claim are identical or similar to the ERISA claims raised in Femino I. In any event, it is abundantly clear that the issues raised by the plaintiff could have been raised in Femino I. In addition, the plaintiff relies on many of the same ERISA provisions relied upon in Femino I.

In fact, when the plaintiff was asked whether the claims in this cause of action were the same as those raised in Femino I, and whether the claims could have been raised in Femino I, she responded affirmatively to both questions. (Transcript of Deposition of Plaintiff Lorraine Femino (hereinafter "Pl. Dep.") at 11-13, pertinent provisions attached hereto.) In addition, when asked whether the plaintiff brought this cause of action because she was unable to obtain the alleged documents in the first cause of action, the plaintiff responded by saying "Correct...Hope Global is not giving me any answer." (Pl.

Dep. at 7). The plaintiff clearly stated that the ERISA claims raised in Femino I and in this case are both the same claim; that Hope Global has failed to provide her with certain information and plan documents. (Pl. Dep. at 6.)

"Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties or their privies from re-litigating claims that were raised or *could have been raised* in that action." In re El San Juan Hotel Corp., 841 F.2d 6, 9 (1st Cir. 1988); American Bridge Company v. Providence Place Group Limited Partnership, 263 F.Supp.2d 330, 333 (D.R.I. 2003); Miles Un-Ltd., Inc. v. Town of New Shoreham, 602 F.Supp. 238 (D.R.I. 1985). Res judicata prevents a plaintiff from splitting her claims by requiring her to plead all factually related allegations and attendant legal theories for recovery the first time she brings suit. Apparel Art Int'l, Inc. v. Amertex Enters., Ltd., 48 F.3d 576, 583 (1st Cir.1995); Miles Un-Ltd., Inc. v. Town of New Shoreham, 602 F.Supp. 238 (D.R.I. 1985). In determining whether res judicata precludes litigation of a party's claims, the court first considers three factors: (1) whether a final judgment was entered on the merits in an earlier suit; (2) whether there is sufficient identity between the causes of action asserted in the earlier and later suits; and (3) whether there is sufficient identity between the parties in the two suits. Id.

The doctrine of res judicata bars claims that *were or could* have been raised in a prior action, but one must first meet the initial elements. In the instant case, element (1) is clearly satisfied because a final judgment was entered in Femino I by the Federal District Court of Rhode island on July 17, 2006. Femino, 2006 WL 1997626 at 8. Element (3) is also easily satisfied because the parties in the third Femino suit are identical to the parties in the first. Id. at 1. As shown in the following paragraphs,

element (2) is satisfied because there is sufficient identity between the plaintiff's prior and current causes of action.

1. Sufficient Identity between Causes of Action

Sufficient identity between causes of action has been found where a cause of action embraces the various possible claims derivable from "a set of facts which can be characterized as a single transaction or series of related transactions." Cooper v. Principi, 71 Fed.Appx. 73, 75 (1st Cir. 2003). The test to determine the identity of two causes of action for purposes of res judicata is whether the essential or operative facts are the same in both cases. Id. In making this determination, courts consider various factors, such as (1) whether the facts are related in time, space, origin or motivation, (2) whether they form a convenient trial unit, and (3) whether their treatment as a unit conforms to the parties' expectations. Id. This test does not require identity of legal theory. Porn v. National Grange Mut. Ins. Co., 93 F.3d 31, 34 (1st Cir.1996) (noting that "[t]he mere fact that different legal theories are presented in each case does not mean that the same transaction is not behind each.")

In Cooper, 71 Fed. Appx. at 76, an employee of the Department of Veterans Affairs brought an action challenging his removal from a job. The first suit included claims of unjust denial of severance, damage to credit and other similar claims. Id. at 75. The first suit was dismissed because the issues raised were not within the statute of limitations. Id. The plaintiff then filed a second suit raising separate claims including the denial of vocational training, file tampering, and denial of certain benefits. Id. at 76. In applying the doctrine of res judicata, the court held that all of the claims in the second suit were related to the plaintiff's job removal and were factually similar in time, origin and motivation. Id. The court stated that the plaintiff's "claims in both suits seek to

redress for the same wrong: his removal from his job." Id. In sum, although the claims were slightly different, the plaintiff could have and thus should have raised them during the first suit.

In Miles Un-Ltd., Inc. 602 F.Supp. at 239 the court stated that "entry of a final judgment following an adjudication on the merits extinguishes … all rights of a plaintiff to remedies against the defendant with respect to *all or any part of the transaction, or series of connected transactions, out of which the complaint arose.*" The court went on to state that res judicata applies not only to those issues that were actually litigated, but also to those which might have been. Id. at 240.

Femino's claims in both suits seek redress for the same wrong, the defendant's failure to comply with ERISA in terminating her long term disability benefits. Both claims address alleged ERISA violations relating to the administration of an employer-sponsored long-term disability plan and the content and availability of certain documents. The claims raised by the plaintiff are very similar to the ERISA claims raised in Femino I, and where they differ, could have been raised in that first suit. The plaintiff raises ERISA claims that were or could have been raised in her earlier suit. The final judgment entered in Femino I extinguished all rights of the plaintiff to ERISA remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions.

Furthermore, the plaintiff relies on many of the same statutory provisions in each claim. In Femino I, the plaintiff claimed that NFA breached their fiduciary duty under 29 U.S.C. §§ 1102 and 1104 by failing to provide the plaintiff with a written plan document, and by failing to provide the plaintiff with a copy of the 1995 plan upon her request. Femino, 2006 WL 1997626 at 4. The plaintiff also claimed disclosure and administration

violations under 29 U.S.C. § 1022 and brought suit under 29 U.S.C. § 1132(c)(1)(B). Id. In her present suit, the plaintiff once again relies upon 29 U.S.C. §§§ 1022, 1102 and 1104 and again claims NFA has violated their fiduciary duty by failing to provide her with alleged additional plan documents and more generally by failing to properly administer the plan. Femino, CA 06-513ML (Complaint ¶ 5). The present action includes claims nearly identical to those raised in Femino I that should have been raised at that time.

Both actions arose from a set of facts which can be characterized as a single transaction or series of related transactions; ERISA violations arising from the termination of long term disability benefits and the administration of an ERISA benefit plan. The combined actions clearly make a convenient trial unit, and in fact, the causes of action are themselves almost identical, both based on the alleged failure of the defendants to properly administer and document the plan as required by ERISA. As a result, the plaintiff's complaint should be dismissed pursuant to the doctrine of res judicata.

2. All facts relevant to the plaintiff's claim were available to the plaintiff at the time of Femino I

The doctrine of res judicata may be subverted only in the event that the subsequent cause of action is based on facts that were unavailable to the plaintiff at the time of the first cause of action. Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 38 (1st Cir. 1998). Where the plaintiff knew or *should have known* of the claim or facts when the first action was filed, res judicata should bar a second action. *Amjur Judgments §510, New Conditions, Facts, or Evidence.* (2006). If the facts relied upon by the plaintiff were in existence at the time of the first suit, and the

plaintiff had a full and fair opportunity to litigate all claims at that point, res judicata will apply. Massachusetts School of Law at Andover, Inc., 142 F.3d at 39.

The plaintiff alleges that she has not been provided with documentation evidencing the discretionary policies used to cancel her benefits. The facts relating to this alleged missing documentation clearly existed at the time of Femino I, and the plaintiff had a fair opportunity to raise and litigate such claims. Had Femino exercised due diligence leading up to her first cause of action, it is likely she could have discovered her need for the alleged missing documentation upon which she bases her third cause of action. It is the duty of the plaintiff to plead all relevant facts and claims in once convenient trial unit. Cooper, 71 Fed.Appx. at 75. Plaintiffs are not permitted to plead only certain facts and claims, saving others for subsequent attacks. Id. The factual basis for the plaintiff's claim was in existence and within her grasp when she filed Femino I, and should have been filed at that time.

## CONCLUSION

The plaintiff's present suit brings to fruition the exact circumstance the doctrine of res judicata is designed to prevent. Plaintiffs cannot split their claims or take multiple cracks at a particular defendant simply by slightly changing the claims raised against that defendant. As highlighted above, it is the plaintiff's duty to raise all related factual allegations and legal theories in one trial unit. Because there is sufficient identity between the parties and claims in Femino I and the present cause of action, and there was a final judgment in Femino I, the present cause of action should be dismissed. The claims raised by the plaintiff in the present suit could have been raised in Femino I and are thus barred by the doctrine of res judicata. In addition, there are no new facts upon

which the plaintiff relies that could not have been discovered through the exercise of due diligence prior to Femino I.

Respectfully Submitted,

NFA Corp.

By its attorneys,

/s/ William E. O'Gara

William E. O'Gara, Esq. (#4257)
Pannone Lopes & Devereaux LLC
1800 Financial Plaza
Providence, RI 02903
Phone: (401) 824-5100
Fax: (401) 824-5123
Email: wogara@pld-law.com

CERTIFICATION

The undersigned hereby certifies that a true copy of the within was filed electronically by ECF with the Court on this 8th day of February, 2007.

/s/ William E. O'Gara

Notice was sent by other means to

Lorraine Femino
4 Bayou Drive
Greenville, RI 02828