**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| | : | |
| **VS.** | : | |
| | : | **C.A. 06-513ML** |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL** | : | |

# PLAINTIFFS MOTION FOR SUMMARY JUDGMENT

Plaintiff Lorraine Femino hereby moves for summary judgment on all claims contained in the motion for summary judgment. In support of this motion, plaintiff relies upon its Local Cv 56 Statement of Undisputed Facts, Sworn Affidavit of Lorraine Femino dated March 3, 2007, and Memorandum of Law in Support of Plaintiffs Motion for Summary Judgment.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 4th day of March, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino
Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I 02828
(401)-949-4933

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | **C.A. 06-513ML** |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

**MEMORANDUM OF LAW IN SUPPORT MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

Plaintiff motion for summary judgment ("Motion") requests that the Court enforce statutory obligations of NFA Corporation ("NFA") to resolve material inconsistencies in plainitffs notice of denial of benefits ("Notice"). NFA has recently invented identities for Plan documents in the "NFA Corporation Employee Long Term Disability Coverage for all Employees" plan ("Plan") which made the Notice unintelligible. In the Complaint, Lorraine Femino v. NFA Corporation, CA 06-513 (Femino III), Plaintiff alleges that NFA's invention of names for Plan documents has created multiple identities to pertinent Plan documents which is unduly inhibiting plaintiffs ability to determine if a claim against the Plan is possible.

Plaintiff has filed this ERISA action to protect possible Plan benefits plaintiff may be entitled to from forfeiture where a statute of limitations is approaching and NFA continues to withhold material information pertaining to identities of Plan documents.

## II. PERTINENT FACTS

Plaintiff remains a Plan participant in the Plan. (Plaintiff Lorraine Femino's Local Rule Cv 56 Statement of Undisputed Material Facts (hereafter "Facts") ¶ 1) Prudential Insurance Company of America, the Plan Provider ("Prudential") did send plaintiff a Notice to plaintiff stating that plaintiffs claim must meet all "contractual requirements". (Facts ¶ 19) Exhibit H is a document carrying a title on the cover "Your Group Benefits" (Facts ¶ 5) and has also been identified as SPD1 in prior litigation (Facts ¶ 6). In March, 2005, NFA did make a written statement that "The current Summary Plan Description is referred to as "SPD1" in the Complaint". (Facts ¶ 7)

Exhibit H is in no place identified as being either a "Group Contract" (Facts ¶ 23) or a "Plan Document". (Facts ¶ 24) The Plan is defined in Exhibit H as being "a line of coverage under the Group Contract". (Facts ¶ 19) Plaintiff did send a Request for Production of Documents ("Request") to NFA Corporation via NFA's Counsel ("Counsel") on or about October 23, 2005. (Facts ¶ 9) In response to plaintiffs Request to NFA for "All documents pertaining to the current NFA Corp. disability welfare benefit DG-67020-RI", plaintiff did receive NFA's specific written response to the aforementioned request "Objection, the request is overbroad and unduly burdensome. (Facts ¶ 10) Plaintiff filed a Motion to Compel Discovery of Documents based on NFA's failure to provide all requested documents in the Request, but the Motion to Compel Discovery of Documents was denied in Court Order signed by Magistrate Judge Lincoln D. Almond on January 25, 2006 due to NFA's reasons of an undue burden. (Facts ¶ 11) On June 8, 2006, Plaintiff did again file a Motion to Compel Discovery to obtain a document identified as being a contract but was denied in Order Signed by Magistrate Judge

Lincoln D. Almond on September 11, 2006. (Facts ¶ 14) Plaintiff did file motion for reconsideration but was denied in Order, by Judge Mary M Lisi dated October 25, 2006. (Facts ¶ 15) On September 23 Plaintiff did submit to NFA a Request for Admission to identify if any other documents existed in the Plan apart from Exhibit H where plaintiff received from NFA a written response neither admitting or denying plaintiffs request for Admission. (Facts ¶ 16) On December 9, 2006, Plaintiff sent a written request to Prudential asking for assistance in identifying documents in the Plan, but in a written response received from Prudential, was denied any assistance where Prudential did state plaintiff had to obtain Plan information from the Plan Administrator. (Facts ¶ 18)

## III. LEGAL STANDARD

The Civil Rules authorize federal courts to grant summary judgment only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

When the summary judgment record is compiled the trial court must scrutinize it "in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor," *Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990). Summary judgment is only appropriate if "the record discloses no trial worthy issue of material fact and the moving party is entitled to judgment as a matter of law." *Alexis v. McDonald's Rests. Inc.*, 67 F.3d 341, 346 (1st Cir. 1995). The Court must disregard "conclusory allegations, improbable inferences, and unsupported speculation," *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990); *Smith v. F.W. Morse & Co.*, 76 F.3d 413, 428 (1st Cir. 1996).

## IV. ARGUMENT

## I. AN UNINTELLIGIBLE NOTICE IS HAMPERING PLAINTIFFS ATTEMPTS TO DETERMINE THE TRUE AND CORRECT PLAN TERMS DEFINING A PAYABLE CLAIM.

Prior to March 28, 2006, Plaintiff did understand the Plan was based on a Summary Plan Description being the Plan document Exhibit H and a separate Plan contract. (Sworn Affidavit Lorraine Femino, dated March 2, 2003. (hereafter "Aff") ¶ 21) On March 28, 2006, NFA invented a new name for Exhibit H being the "true and correct copy of the Plan Document, as amended in 1999, which includes the updated Summary Plan Description". (Facts ¶ 13), (Aff ¶ 22) NFA has not made any affirmative statement to plaintiff that the Plan itself recognizes Exhibit H as being the "true and correct copy of the Plan Document". (Aff ¶ 30) Exhibit H being identified as the Summary Plan Description and Plan Document creates confusion for plaintiff in the Notice which remain unresolved in spite of attempts by Plaintiff to work with NFA on this matter. (Aff ¶¶ 23, 31) An approaching end to the Plans 3 year statute of limitations requires plaintiff take action to protect any possible claims to benefits plaintiff may be entitled to from the Plan. (Aff ¶ 32)

### 1. Plaintiff relies on NFA to reconcile an unintelligible Notice of denial of benefits due to multiple defining Plan documents.

ERISA specifies that the Plan have only two governing Plan instruments being a "a detailed explanation of the ERISA plan (the plan document) and a summary for employees to read (the summary plan document or SPD)". *Mattias v Computer Sciences Corp.*, 34 F. Supp.2d 120, 124-125 (D.R.I. 1999). See also *Curtiss-Wright v. Schoonejongen*, 514 U.S. 73, 84 (1995)

(holding ERISA Section 402(a), 402(b4); 29 U.S.C. §§ 1102(a), 1102(b4) sets out "functional requirement[s]" that the Plan specify the basis on which payments are made to and from the plan in a "written instrument").

The Plan is defined as a line of coverage under the Group Contract. (Facts ¶ 22) Plaintiff relied on information provided by NFA that Exhibit H was exclusively the Summary Plan Description and was not also the Plan document. (Aff ¶¶ 22, 37) Plaintiff was surprised that on March 28, 2006, NFA invented a new identity for "Exhibit H" being that Exhibit H was the "true and correct copy of the Plan Document, as amended in 1999, which includes the updated Summary Plan Description". (Aff ¶ 23) Exhibit H is in no place identified as being the Plan document or the Plan contract. (Facts ¶¶ 23, 24) See 29 C.F.R. 2520.104b-1 (b)(3) ("For purposes of section 104(b)(2)...[s]uch documents must be clearly identified). See also *Harte v. Bethlehem Steel*, 214 F.3d 446 at 448 and 452-3 (3d Cir. 2000) (A Plan administrator has a special duty to offer "complete and accurate" disclosures about provisions that are "confusing" or "likely to be misunderstood."). Plaintiff was provided a Notice of denial of benefits that clearly stated plaintiffs termination was due to the claim not meeting all "contractual requirements". (Facts ¶ 19) NFA has a duty to reconcile the inconsistencies in the identities of governing Plan Documents See e.g. *EEOC v. Whitin Machine Workers, Inc.*, 635 F.2d 1095, 1097 (4th Cir. 1980) (when facts are "within [the] unique knowledge" of defendant, it bears burden of proof concerning these facts).

**a. ERISA demands that plaintiff "look only to" NFA for Plan information to reconcile an unintelligible Notice of denial of benfits.**

ERISA § 402(b) specifies "requisite functional features" for "[a] procedure under the plan for the allocation of responsibilities for the operation and administration of the plan,"

*Curtiss-Wright v. Schoonejongen*, supra, 514 U.S. 73, at 84 (quoting 29 U.S.C. § 1102(b)(2)). The Supreme Court also held that if a plan document has general or detailed procedures, the courts must enforce those procedures as statutory obligations: "whatever level of specificity a company ultimately chooses, in an amendment procedure, or elsewhere, it is bound to that level." *Curtiss-Wright v. Schoonejongen*, supra, 514 U.S. at 85. The "procedure" for "administration" in the Plan is described on page 33 of Exhibit H by the identification of NFA as the Plan Administrator. In matters pertaining to a request for Plan information, plaintiff must look to NFA as the Plan Administrator "and not to any other person". *Curtiss-Wright v. Schoonejongen*, supra, 514 U.S. at 79. see also *Mertens v. Hewitt Associates*, 508 U.S. 248, 251 (1993) (ERISA is a " 'comprehensive and reticulated statute,' the product of a decade of congressional study of the Nation's private employee benefit system."). The Supreme Court has held reluctance "to tamper with [the] enforcement scheme" embodied in the statute by extending remedies not specifically authorized by its text. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985).

**b. NFA is precluded from administering the Plan in a manner that unduly hampers plaintiff from understanding the notice of denial of benefits.**

ERISA requires that the Plan not be "not administered in a way, that unduly inhibits or hampers the initiation ...of claims for benefits" See 29 CFR 2560.503-1(b)(3). NFA's failure to reconcile an unintelligible Notice of denial of benefits has "unduly hampered" plaintiffs initiation of a claim against the Plan. (Aff ¶¶ 23, 31) Plaintiff has not received any written response from NFA pertaining to the proper identity of Plan documents insofar as the Plan identifies such documents. (Aff ¶¶ 8,9,14,15, 24,28,30)

As a statutory requirement, NFA has fiduciary duties in plan administration. See *Pegram v. Herdrich*, U.S., 120 S. Ct. 2143, 2151 (2000) (Holding a fiduciary is "someone acting in the capacity of a manager, administrator, or financial advisor to a plan"). See also ERISA Sec. 3(21); 29 U.S.C. 1003(21). A "fiduciary has an obligation to convey complete and accurate information material to the beneficiary's circumstance, even when a beneficiary has not specifically asked for the information" *Farr v. U.S. West*, 151 F.3d 908, 913 (9th Cir. 1998), cert. denied U.S., 120 S. Ct. 935 (2000).

ERISA 104(b); 29 U.S.C. § 1024 (b) (Filing and Furnishing of information) requires in pertinent part, "(2) The administrator shall make copies of the latest... contract, or other instruments under which the plan was established or is operated available for examination by any plan participant or beneficiary in the principal office of the administrator and in such other places as may be necessary to make available all pertinent information to all participants.". See also *Glaziers & Glassworkers Local 252 Annuity Fund v. Newbridge Sec.*, 93 F.3d 1171, 1181 (3d Cir. 1996) ("duty to disclose material information is the core of a fiduciary's responsibilities"). NFA allege they cannot locate any document identified as being a Plan "contract". (Facts ¶¶ 10,11). See also 29 CFR 2520.104b-1 (b)(3) requires in pertinent part "For purposes of section 104(b)(2)...[s]uch documents must be clearly identified and "readily accessible" for plan participants at the "office of the plan administrator".

**d. ERISA requires an understandable Notice of denial of benefits.**

Having two competing Plan documents defining a payable claim creates for plaintiff a Notice that is not "understandable" or "written in a manner calculated to be understood" by plaintiff. (Aff ¶ 31) The Notice provided to Plaintiff clearly cites "contractual requirements. (Facts ¶ 19) Exhibit H is not identified as the Plan Contract or Plan Document, yet NFA has

invented an identity for Exhibit H inferring it as being the Plans defining "Plan Document". (Facts ¶¶ 13, 22, 23, 24) NFA is the Plans only Named Plan Fiduciary and thus the responsible party under ERISA Section 503(2) to reconcile the proper identity of the correct Plan Document as the Plan defines a Plan Document. NFA refuses to provide an answer to plaintiff to reconcile this matter in an "understandable" manner. (Aff ¶¶ 10,16)

Plaintiff's request for relief in Femino III is for an "understandable" answer from the Named Plan fiduciary to ambiguities in the "Notice" provided to plaintiff where an "understandable" notice is a statutory requirement under ERISA Section 503; 29 U.S.C. § 1133; see *Glaziers & Glassworkers Local 252 Annuity Fund v. Newbridge Sec.*, supra, 93 F.3d 1171, 1181-2 (fiduciary must communicate information "visible to its practiced eye" that is in the "best interest" of beneficiaries.). Disclosures from a Plan Administrator pertaining to Plan documents must be "transparent, accurate, and comprehensive." *Burstein v. Retirement Acct. Plan for Allegheny Health Ed. Resources Fdn.*, 334 F.3d 365 at 378 (3d Cir. 2003). See also *Smith v. National Credit Union*, 36 F.3d 1077, 1081 (11 Cir. 1994) ("in the absence of documents, it would be impossible for participants to compare any "notices" that they might receive").

The plain language of ERISA Section 503(1); 29 U.S.C. § 1133(1) (Claims procedure) is clear and unambiguous that plaintiff is entitled to an "understandable" notice "written in a manner calculated to be understood" stating in pertinent part "every employee benefit plan shall

> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and (2) afford a reasonable opportunity to any participant whose claim for benefits has been

denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

In this matter, the Court should focus on "the plain meaning of the whole statute, not of isolated sentences." *Beecham v. United States*, 511 U.S. 368, 372 (1994), and interpret the statute's words "'in light of the purposes Congress sought to serve,'" *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 118 (1983) (quoting *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 608 (1979)).

**e. NFA is required to provide accurate Plan information even in the absence of a request.**

The Supreme Court has held that "Congress intended in ERISA section 404(a) to incorporate the fiduciary standards of trust law into ERISA". *Massachusetts Mutual Life Ins. Co. v. Russell*, supra, 473 US 134, at 153. Under 29 U.S.C. § 1104(a)(1), plan fiduciaries are required to "discharge duties with respect to a plan solely in the interest of the participants and beneficiaries". See also Restatement of Trusts, section 173, comment d, which holds "[t]he trustee is under a duty to communicate to the beneficiary material facts affecting the interest of the beneficiary which he knows the beneficiary does not know but needs to know for his protection". See also *Armstrong v. Jefferson Smurfit Corp.*, 30 F.3d 11, 12 (1st Cir. 1994) (holding a fiduciary must disclose material facts of which plan participants are unaware but need to know in order to protect their interests in dealing with third parties).

**2. As a Plan Participant, plaintiff has a right to protect possible Plan benefits from forfeiture due to Plans expiration of the statute of limitations.**

If Exhibit H can be proved as being the exclusive written instrument for the Plan, such limited plan provisions could open a possible claim against the Plan for plaintiff. NFA has a statutory duty to reconcile material inconsistencies created when on March 28, 2006, NFA did identify Exhibit H as being both the summary plan description and Plan Document being a change from previous positions NFA took on Exhibit H (Facts ¶¶ 7, 13). By NFA refusing to reconcile this matter, plaintiff has the right to file suit for the purpose of protecting possible Plan benefits. See e.g. *Cooper vs. IBM Personal Pension Plan*, 274 F.Supp.2d 1010 (S.D. Ill. 2003). ("The plain language of [ERISA § 502(a)(3)] confers statutory standing to plan participants,…who seek to protect their employee benefit rights"). See also *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117-18 (1989). (A plan participant is defined as those who "may become eligible" to receive benefits who "have a colorable claim that . . . he or she will prevail in a suit for benefits.").

ERISA expressly authorizes plan participants to sue to enjoin breaches of fiduciary duty under 29 U.S.C. § 1132(a)(3). See *Varity Corp. v. Howe*, 516 U.S. 489, 490 (1996). (holding that 29 U.S.C. § 1132(a)(3) may permit equitable relief against a plan administrator for breach of the fiduciary duty imposed on such administrators by ERISA). The Supreme Court recognized that "Congress intended the general 'catchall' provisions of [ERISA § 502(a)(3)] to act as a safety net". *Varity Corp. v. Howe*. supra 516 U.S. 489, at 490.

**a. Breach of fiduciary duty claims against the Administrator should be limited only by the number of breaches the Administrator creates by their own actions.**

NFA did successfully argue to deny plaintiff access to Plan documents in December 2005 in Femino I based on an undue burden (Facts ¶ 11) See also 29 CFR 2520.104b-1 (b)(3) "For purposes of section 104(b)(2)…[s]uch documents must be clearly identified and "readily

accessible" for plan participants at the "office of the plan administrator". From the time of plaintiffs first request for Plan documents in October 2005 until the present, NFA claims being unable to locate any documents identified as the Plan contract. (Facts ¶¶ 11, 14 )

ERISA 104(b); 29 U.S.C. § 1024 (b) (Filing and Furnishing of information) requires in pertinent part.

> "(2) The administrator shall make copies of the latest… contract, or other instruments under which the plan was established or is operated available for examination by any plan participant or beneficiary in the principal office of the administrator and in such other places as may be necessary to make available all pertinent information to all participants.

NFA as the Plan Administrator, must obtain for "inspection" all Plan documents at the administrators "principal office" *Curtiss-Wright v. Schoonejongen*, supra, 514 U.S. 73, at 84 (quoting ERISA § 1024(b)(2)). A Plan fiduciary must employ "care, skill, prudence, and diligence" in the duties of Plan administration *Beddal verses State Street Bank and Trust Company*, 137 F. 3d 12, 18 (First Circuit 1998) (quoting 29 U.S.C. § 1104(a)(1)(B)). NFA's ongoing lack of "care, skill, prudence, and diligence" to correctly identify and obtain all plan documents at the office of the Plan administrator must be ruled a breach of fiduciary duty where relief requested can be provided by the Court.

**i. ERISA recognizes multiple claims against an administrator for failure to comply with requests for information.**

Plaintiff argues that ERISA § 502(a)(3) was not the only statute plaintiff could have relied on in this matter. ERISA § 502(a)(1)(A) and the companion ERISA § 502(c) could also have been used to enforce NFA's statutory duty to rectify an unintelligible Notice provided to

plaintiff under ERISA § 503; 29 U.S.C. § 1133. The plain language of ERISA § 502(c) states; "(1) Any Administrator…(B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary".

Limiting participants to only a single claim for relief under ERISA § 502(c) would not be rational nor consistent with the intent of Congress to "to promote the interests of employees and their beneficiaries in employee benefit plans," *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 90 (1983), and "to protect contractually defined benefits," *Massachusetts Mutual Life Ins. Co. v. Russell*, supra, 473 US 134, 148. See generally 29 U.S.C. 1001 (setting forth congressional findings and declarations of policy regarding ERISA).

ERISA § 503 requires an "understandable" Notice "written in a manner calculated to be understood by the participant". Plaintiffs Notice is unintelligible and should not be barred from seeking relief. The plain meaning of a statute's text must be given effect "unless it would produce an absurd result or one manifestly at odds with the statute's intended effect." *Parisi by Cooney v. Chater*, 69 F.3d 614, 617 (1st Cir. 1995).

**3. Analysis and remedies**

NFA's failure to remedy inconsistencies in the identity of governing Plan Documents must be ruled as a statutory breach of fiduciary duty of ERISA Section 404, 29 U.S.C. § 1104 ("Fiduciary duties"), which requires, in pertinent part, that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and ... (D) in accordance with the documents and instruments governing the plan. Plaintiff's claim for relief

is made under ERISA Section 502(a)(3); 29 U.S.C. § 1132(a)(3) where NFA's continuing refusal to provide accurate information is hampering plaintiffs ability to make proper decisions on filing a possible claim against the Plan. Lacking a proper resolution to inconsistencies in the identity of Plan documents, plaintiff could face possible forfeiture of possible Plan benefits due to an approaching end to the statute of limitations for filing a claim against the Plan.

Plaintiff's request for relief in the Motion is that NFA be required to provide to plaintiff a clear and unambiguous written statement confirming whether or not the Plan document Exhibit H, pages 1-35, is recognized by the Plan as being the "entire Group Contract". Plaintiff requests additional relief that if Exhibit H is not recognized by the Plan as being the "entire Group Contract", that the Court require NFA to clearly identify each Plan written instrument defining a payable claim apart from Exhibit H using terms applied by the Plan documents and not as may be invented by NFA.

## Conclusion

For the foregoing reasons, plaintiff respectfully requests the Court enter an Order granting plaintiffs motion for summary judgment.

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 4th day of March, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I 02828
(401)-949-4933