**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| **VS.** | : | **Civil Action No. 06-513ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

## Sworn Affidavit of Lorraine Femino

I, Lorraine Femino, being duly sworn according to law, do hereby depose and say:

1. I am Plaintiff in this case residing at 4 Bayou Drive, Greenville, Rhode Island, and I am presently pro se in the matter now before this Court.

2. At a time in 2002, I received from NFA a 35 page document entitled "Your Group Benefits" ("Exhibit H") which I understood to describe terms of the 1999 amended "NFA Corporation Employee Long Term Disability Coverage for all Employees" plan ("Plan").

3. I have also identified the document entitled "Your Group Benefits" and referenced as Exhibit H as also "SPD1" and also the "Summary Plan Description".

4. When I received Exhibit H in 2002, I believed the entire document, consisting of pages 1-35, was exclusively the Summary Plan Description for the Plan and relied on the document as being exclusively the Summary Plan Description.

5. In connection with all notices of denial of benefits (Notice) I received from Prudential Insurance Company of America (Prudential) dated December 26 2001; April 15, 2003; November 24, 2003; March 1, 2004, all Notices contain a statement at the start of the Notice being "In order to receive benefits under Group Policy #67020, covered employees must meet all contractual requirements..." where I did read and believe such statement to mean the Plan was based on a document clearly identified as being a contract.

6. In the period between April, 2004 and September, 2004, I received verbal information from Prudential claims representatives which I believed was reliable making me believe that the Plan had contractual policies that arbitrarily excluded my doctors medical evidence pertaining to fibromyalgia and believed these policies were in violation of the Americans with Disabilities Act of 1990 ("ADA").

7. At a time after September 2004, I received verbal information from Prudential claims representative Damon Crawford which I understood to mean that the Plan had enforced specific contractual policies in my denial of benefits determination which

excluded all of my medical evidence pertaining to fibromyalgia from all disability reviews and where I did believe such information was true.

8. I did make a written request for assistance from NFA in November, 2004 asking for assistance on the specific matter of alleged discriminatory Plan policies I believed Prudential was enforcing to exclude my doctors medical evidence pertaining to fibromyalgia from all disability reviews.

9. I did not receive any response from NFA that helped me to understand what Plan policies were being used by Prudential to exclude from all disability reviews my doctors medical evidence pertaining to fibromyalgia.

10. In December 2004, I received from the Rhode Island Commission of Human Rights (RICHR) what I believed was a true and correct copy of a sworn affidavit dated October 19, 2004, by Dorothy Mattiello, Vice President of Human Resources, NFA Corp. d/b/a Hope Global ("Mattiello Affidavit") which NFA had provided to RICHR in the matter of my EEOC complaint #16JA400282.

11. I did read on the Mattiello Affidavit, a sworn statement on page 1, at 3, "Hope Global is a party to a contract with Prudential Insurance Company for the purpose of providing eligible Hope Global employees with long-term disability benefits to provide them with some financial protection in the event of a non-work-related disability or

accident" where I did understand the statement to mean that NFA did have a Plan document called a "contract".

12. I relied upon information from the Mattiello Affidavit that NFA knew about terms in a Plan contract Prudential was enforcing against my claim for benefits and did believe that NFA would eventually provide to me accurate information on a Plan contract.

13. In March, 2005, I received written information from NFA Corporation stating "The current Summary Plan Description is referred to as "SPD1" in the Complaint" where I did rely on the information to reaffirm my belief and understanding that "SPD1" was exclusively the Summary Plan Description.

14. I did send a Request for Production of Documents ("Request") to NFA Corporation via NFA's Counsel ("Counsel") on or about October 23, 2005 where I did request "All documents pertaining to the current NFA Corp. disability welfare benefit DG-67020-RI".

15. In response to the Request to NFA for "All documents pertaining to the current NFA Corp. disability welfare benefit DG-67020-RI", I received a written response from Counsel specifically stating NFA's response to the Request as being "Objection, the request is overbroad and unduly burdensome. Further documents related to the disability plan and other human resources documents were destroyed in a recent flood at the Hope Global facility."

16. I filed a Motion to Compel Discovery of Documents on December 5, 2005 based on the Request and belief that documents were kept at the Plan Administrators office.

17. I have not received any communication from NFA since December of 2005 stating that NFA has replaced any or all Plan documents at the office of the Plan Administrator or any other NFA corporate office.

18. On January 17, 2006, I was deposed by NFA and in the deposition, I was shown a copy of SPD1 by NFA's Counsel, William O'Gara ("Counsel") where Counsel referenced SPD1 as Defendants Exhibit H and where I did testify that I believed Exhibit H to be the Summary Plan Description.

19. At no time during or after the January 17, 2006 deposition did I receive any proof or statement from Counsel or from NFA which I believed was reasonable that the Plan did not define Exhibit H to be exclusively the Summary Plan Description.

20. I was denied the Motion to Compel Discover of Documents from the Request in Court Order dated January 25, 2006 signed by Magistrate Judge Lincoln D. Almond where I believed the Order was based on NFA's testimony of an undue burden due to a flood at an NFA location not designated as being the office of the Plan Administrator.

21. On March 28, 2006, I did file Femino II, CA 06-143 on belief that a Plan contract existed in the Plan and contained discriminatory policies denying my doctors medical evidence into a disability review that violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 and where I did also believe that Exhibit H was exclusively the Summary Plan Description.

22. On March 29, 2006, I did receive from NFA a written document stating Exhibit H was now identified as being the "true and correct copy of the Plan Document, as amended in 1999, which includes the updated Summary Plan Description" where such document was entered as "Exhibit H" in Femino I.

23. Based on the NFA statement on the identity of Exhibit H as being the "true and correct copy of the Plan Document, as amended in 1999, which includes the updated Summary Plan Description", I was then, and continue to be now confused on how previously NFA claimed the Plan was based on a contract, and now NFA stated the Plan was based on a Plan document not identified as being a contract.

24. In June 2006 pertaining to matters of Femino II, I did begin to request information from NFA and also assistance in obtaining the Plan contract but I was refused any material assistance and did not receive any document identified as being a Plan contract.

25. On June 8, 2006 I did file a Motion to Compel Discovery in Femino II to obtain the contract based on belief that NFA was statutorily required by ERISA to have a copy at the office of the Plan Administrator and that any prior undue burden had passed.

26. On September 11, 2006, I learned that my Motion to Compel was denied and where I did not understand the reasons the Court did deny the Motion.

27. I filed a motion to reconsider to the District Judge the decision in (26) above and was denied reconsideration in Order dated October 25, 2006 for reasons I did not understand.

28. On September 23, 2006, I did submit to NFA a Request for Admission to identify documents I was missing for the purpose of issuing a subpoena to Prudential but received from NFA a response neither admitting or denying the Request for Admission.

29. On December 9, 2006 I wrote to Prudential asking for assistance in identifying the names of Plan documents apart from Exhibit H, and received back from Prudential a letter stating what I believed was Prudentials position that I had to obtain all information from the Plan Administrator and all assistance was being denied .

30. As of the date of this sworn affidavit, I have not received any information from NFA providing reasonable proof that the Plan does not recognize Exhibit H as being exclusively the summary plan description for the Plan.

31. Information recently provided to me in November 2006 by NFA reaffirming that Exhibit H is the summary plan description and Plan document has caused me to not understand the Notice of denial of benefits provided from Prudential where the Notice stated that my benefits were terminated by "contractual provisions" in the Plan and Exhibit H is not in any place identified as being a Plan contract and where such confusion is hampering my efforts to determine if a claim for benefits against the Plan is possible.

32. To protect my rights to any possible claim for benefits I may have in the Plan against an approaching statute of limitations for filing a claim against the Plan, I believed I had to file on November 27, 2006, Femino v NFA, CA 06-513 (Femino III) against NFA where I believed the statute of limitations time would be stopped while I reconciled information in my notice of denial of benefits which I do not understand.

33. I will voluntarily terminate all claims against NFA in litigation Femino II, CA 06-143, if NFA will provide reasonable proof that Exhibit H is the exclusive written instrument recognized by the Plan defining a payable claim.

34. I remain disabled in accordance with 42 U.S.C. § 12102(2) where; 1) I am diagnosed with a physical impairment that substantially limits my major life activities; 2) I have a regular record of care for such disability from my doctor for my diagnosed impairment; and 3) I am regarded by the Social Security Administration as being totally disabled and receiving regular monthly benefits for such disability from the Social Security Disability Administration based on a determination of my being totally disabled.

35. As a result of my disability, I remain heavily medicated 24 hours per day where I am regularly impaired due to the medications on my ability to provide quick and clear answers.

36. I filed with Prudential into my claim file a medical opinion from my doctor in December 2004.

37. I have relied on and continue to rely on NFA in their capacity as the Plan Administrator to provide accurate Plan information to me.

38. I have previously not filed any claims in Federal Court against the Plan for benefits because I believe I did not have sufficient information or knowledge to make a claim against the Plan for the denial of benefits.

The information in this affidavit is truthful and correct and is provided voluntarily under the penalties of perjury.

Lorraine Femino
4 Bayou Drive
Greenville, Rhode Island, 02828

Subscribed and sworn to before me this 3 day of March, 2007

Elizabeth J. Lanni
Notary Public
My Commission Expires

Elizabeth J. Lanni
~~Notary Public~~-Rhode Island
My Commission Expires
January 30th, 2008

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 4th day of March, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I 02828
(401)-949-4933