UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 06-513ML |
| | : | |
| NFA CORPORATION d/b/a | : | |
| HOPE GLOBAL, et al. | : | |

DEFENDANT'S OBJECTION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

Defendant NFA Corporation hereby objects to Plaintiff's Motion for Summary Judgment. In support of its objection, Defendant relies upon the arguments and legal authorities set forth in the accompanying Memorandum in Opposition to Plaintiff's Motion for Summary Judgment.

NFA Corporation,

By their Attorneys,
PANNONE LOPES & DEVEREAUX LLC

/s/ William E. O'Gara
William E. O'Gara, Esq. (#4257)
1800 Financial Plaza
Providence, RI 02903
(401) 824-5100
(401) 824-5123 (facsimile)

CERTIFICATION

The undersigned hereby certifies that a true copy of the foregoing document was filed via ECF and mailed by first class mail, postage prepaid on this 12th day of March, 2007 to:

Lorraine Femino
4 Bayou Drive
Greenville, RI 02828

/s/ William E. O'Gara

Doc #4665

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 06-513ML |
| | : | |
| NFA CORPORATION d/b/a | : | |
| HOPE GLOBAL, et al. | : | |

DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Defendant NFA Corporation submits this Memorandum in Opposition to Plaintiff's Motion for Summary Judgment. For the reasons discussed herein, plaintiff's motion for summary judgment should be denied in its entirety.

## II. SUMMARY OF CLAIMS AND ARGUMENTS

In her summary judgment memorandum the plaintiff weaves a largely unintelligible web of arguments all for the alleged purpose of obtaining documents and information that time and time again have been shown to be already in her possession, nonexistent or not in the possession of the defendant. The plaintiffs arguments seem to proceed as follows: (1) Under 29 U.S.C. § 1102(b)(2), the plaintiff must look to NFA and no other party to reconcile plan inconsistencies; (2) Because the Summary Plan Description has been at times called the Plan Document, this has caused plaintiff to become confused as to the true nature of the documents thus violating 29 C.F.R. § 2560.503-1(b)(3), 29 U.S.C. § 1024(b), and 29 C.F.R. § 2520.104b-1(b)(3); (3) Because the plaintiff's denial included the phrase "contractual requirements" and because she has not received a document entitled "contract" she has been refused an understandable

notice of denial of benefits as required by 29 U.S.C. § 1133; (4) All of the aforementioned activities result in a breach of the fiduciary duties required of NFA under 29 U.S.C. § 1104; (5) NFA is required to provide plaintiff with all requested documents under 29 U.S.C. 1024 and 29 C.F.R. 2520.104b-1(b)(3) and has failed to do so; and (6) Multiple suits should be permitted under 29 C.F.R. § 2520.104b-1(b)(3), 29 U.S.C. § 1133, and related case law.

## III. LEGAL STANDARD

Summary judgment is appropriate if there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Once the moving party has made its preliminary showing that no genuine issue of material facts exists, the non-movant must contradict the showing by pointing to specific facts demonstrating that there is, indeed, a trial-worthy issue. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). To satisfy the criterion of trial-worthiness, the non-movant must establish the existence of an issue that is both genuine and material to his claim. *See* Pagano v. Frank, 983 F.2d 343, 347 (1st Cir. 1993). A "genuine issue" is one "supported by such evidence that a reasonable jury, drawing favorable inferences, could resolve it in favor of the nonmoving party." Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999). "Material" means that a fact has the potential of affecting the outcome of the case. *See* Kearney v. Town of Wareham, 316 F.3d 18, 22 (1st Cir. 2002).

As to issues on which the nonmoving party bears the burden of proof, "he must present definite, competent evidence to rebut the motion." Id. (quotation and citation omitted). The non-movant may not defeat a motion for summary judgment by relying

upon evidence that is "merely colorable" or "not significantly probative." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). Thus, summary judgment will be appropriate where the non-moving party rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

## IV. ARGUMENT

The plaintiff cannot demonstrate that she is entitled to judgment as a matter of law on any of her claims. Indeed, as discussed herein and in Defendant's Memorandum in Support of Motion for Summary Judgment, plaintiff's claims are untenable, and it is NFA which is entitled to summary judgment on all plaintiff's claims.

First and foremost, the plaintiff has in her possession the plan document. The information the plaintiff desires is included within that document. The plaintiff continues to file multiple motions and the instant action despite her possession of the plan document. The defendant is placed in the position of responding to motions and actions that are devoid of merit. The Court, in turn, must waste resources responding to the plaintiff's asserted motions and actions.

In addition, as stated in the Defendant's Memorandum in Support of Defendant's Motion for Summary Judgment, the plaintiff's claims are barred by the doctrine of res judicata because they were or could have been raised in a prior suit. *See* (Defendant's Motion for Summary Judgment). The plaintiff raised similar and often times identical ERISA claims in the case Femino v. NFA Corp., 2006 WL 1997626 at 4 (D.R.I.) ("Femino I"). The plaintiff's claims that differ from her Femino I claims could have and in fact should have been raised in that case under the doctrine of res judicata. In Femino

I the Defendant's Motion for Summary Judgment was granted thus eliminating all plaintiff's claims under ERISA.

For these reasons, the Plaintiff's Motion for Summary Judgment should be denied and the Defendant's Motion for Summary Judgment should be granted.

NFA Corporation,

By their Attorneys,
PANNONE LOPES & DEVEREAUX LLC

/s/ William E. O'Gara
William E. O'Gara, Esq. (#4257)
1800 Financial Plaza
Providence, RI 02903
(401) 824-5100
(401) 824-5123 (facsimile)

CERTIFICATION

The undersigned hereby certifies that a true copy of the foregoing document was filed ECF and mailed by first class mail, postage prepaid on this 12th day of March, 2007 to:

Lorraine Femino
4 Bayou Drive
Greenville, RI 02828

/s/ William E. O'Gara