**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| **VS.** | : | **C.A. 06-513ML** |
| **NFA CORPORATION** | : | |

**PLAINTIFFS REPLY TO DEFENDANTS OBJECTION TO PLAINTIFFS MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

Plaintiff Lorraine Femino submits this reply to defendants Memorandum in Opposition to Plaintiffs Motion for Summary Judgment, document 18 (hereafter "Opposition"). For the reasons discussed herein, defendants motion should be denied.

## II. SUMMARY OF CLAIMS AND ARGUMENTS

Defendants Opposition rewrites plaintiffs claims in Plaintiffs Motion for Summary Judgment (hereafter "Motion"). Plaintiff addresses each of the numbered arguments cited by defendants in the Opposition as follows;

NFA states in the Opposition;

1) Under 29 U.S.C. 1102(b)(2), the plaintiff must look to NFA and no other party to reconcile plan inconsistencies;

Plaintiffs claim in (1) is properly stated as being;

1) Under 29 U.S.C. § 1102, 29 U.S.C. § 1104(a), 29 U.S.C. § 1133(b) and 29 U.S.C. § 1024 (b)(2), plaintiff has statutorily defined rights to rely solely on NFA as the Named Plan Administrator to reconcile inconsistencies in the accuracy of Plan documents and information.

NFA states in the Opposition;

2) Because the Summary Plan Description has been at times called the Plan Document, this has caused plaintiff to become confused as to the true nature of the documents thus violating See 29 C.F.R. 2560.503-1(b)(3), 29 U.S.C. § 1024 (b)(2), 29 C.F.R. 2520.104b-1 (b)(3).

Plaintiffs complaint is that defendants alleged plain language of the Plan has numerous material inconsistencies that are inhibiting plaintiffs ability to file a claim for benefits;

2) Because Exhibit H [1] clearly states that the "Plan" is based on a "Group Contract", (Facts [2], ¶ 22) and, because plaintiffs notice of denial of benefits states the claim did not meet "contractual requirements", (Facts, ¶ 19) and, because Exhibit H is in no place identified as being either the "Group Contract" or "Plan document", (Facts, ¶¶ 23, 24) and, because NFA did at one time call Exhibit H the Summary Plan Description, (Facts, ¶ 7) and, because NFA has failed to locate any document clearly identified as a "contract", "Group Contract" or "Plan document" at the office of the Plan Administrator, (Facts, ¶¶ 9, 10, 11, 14, 15) and, because plaintiff did submit to NFA a Request for Admission to admit if any other documents exist in the Plan apart

---

[1] Exhibit H is defendants "Exhibit H" in prior litigation Lorraine Femino v NFA Corporation d/b/a/ Hope Global CA 05-019, Document 88, NFA Statement of Undisputed Facts, exhibit # 2 marked as "Exhibit H" and alleged by defendant to be the true and correct Plan document and Summary Plan Description.

[2] "Facts" are Plaintiffs Statement of Undisputed Facts, Document 17, re 15 Motion for Summary Judgment

from Exhibit H where plaintiff received from NFA a written response neither admitting or denying plaintiffs Request for Admission (Facts, ¶ 16), this has caused plaintiff to become confused thus unduly inhibiting plaintiffs ability to file a claim for benefits against the Plan thus violating 29 U.S.C. § 1102; 29 U.S.C. § 1104(a); 29 U.S.C. § 1133(b); 29 U.S.C. § 1024 (b)(2); 29 CFR 2560.503-1(b)(3); 29 CFR 2520.104b-1 (b)(3).

Plaintiff summarizes NFA's statements in (3) (4) (5) and (6) with plaintiffs actual claim being stated as follows;

3) Because NFA is the named Plan Administrator for the "NFA Corporation Employee Long Term Disability Coverage for all Employees" plan ("Plan"), NFA has a duty to provide a clear written statement to plaintiff confirming whether or not the Plan document Exhibit H, pages 1-35, is recognized by the Plan as being the "entire Group Contract". If Exhibit H is not the "entire Group Contract", then NFA must be required to clearly identify in writing the name of each Plan written instrument defining a payable claim apart from Exhibit H using names recognized by the Plan and not as may be invented by NFA. Failure to provide such information is a violation of ERISA § 404, 29 U.S.C. § 1104, and actionable by plaintiff under ERISA § 502(a)(3); 29 U.S.C. § 1132(a)(3) to allow plaintiff to protect possible Plan benefits. (Motion, p 13, ¶ 2)

## III. ARGUMENT

In the Opposition, defendant claims that plaintiff cannot demonstrate an "entitle[ment] to judgment" where defendants argument is based primarily on defendants old claim that "plaintiff has in her possession the plan document" (Opposition, p 4, ¶ 3). Defendants claim that Exhibit H is the "plan document" does not comply with Fed. Rules of Civ. Procedure 56(e) proving that

the Plan itself recognizes Exhibit H as being the Plan document since the Exhibit H is not identified in any place as being the "Group Contract" or "Plan document". (Facts ¶¶ 23, 24) (Motion 5, ¶ 2) In the course of all litigation between Femino and NFA, defendants have not established any evidence, testimony, or affidavit proving that the Plan recognizes Exhibit H as being the Plan document, or equally, that there are no other written instruments in the Plan apart from Exhibit H. See *Sheinkopf v. Stone*, 927 F.2d 1259, 1271 (1st Cir. 1991) ("It is apodictic that an affidavit . . . made upon information and belief . . . does not comply with Rule 56(e)."). See also *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 883 (7th Cir. 1998) ("Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted.").

Defendants fail to show any evidence that plaintiff has received a document clearly identified as being the "Group Contract" (Facts, ¶ 22, "The name "Plan" in the Plan means "a line of coverage under the Group Contract".) In interpreting contracts, the Court is guided by "common-sense canons of contract interpretation," including the canon that unambiguous terms are given their plain and natural meaning. *Smart v. Gillette Co. Long-Term Disability Plan*, 70 F.3d 173, 178 (1st Cir. 1995). The Plan is based on what is written in the Group Contract.

In the Opposition, defendants claim that plaintiff cannot demonstrate an "entitle[ment] to judgment" due to the doctrine of res judicata. This is inconsistent with decades of case law and the intent of Congress in enacting ERISA "to promote the interests of employees and their beneficiaries in employee benefit plans," *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 90 (1983), and "to protect contractually defined benefits," *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985). See generally 29 U.S.C. 1001 (setting forth congressional findings and

declarations of policy regarding ERISA). (Motion p 12, ¶ 2) Defendants are the named Plan Administrator for the Plan and have fiduciary obligations to provide relief in the form of an accurate and honest answer to plaintiffs claim for relief. (Motion p 7, ¶ 1)

Defendants allege protections under the doctrine of res judicata, without citing specific case law that show res judicata can immunize a fiduciary from breach of fiduciary duties in ERISA litigation. Defendants argument that claims "were or could have been raised in a prior suit" fall short of being credible since defendants twice successfully argued not being able to locate a document identified as being a Group Contract where relief for plaintiffs prior Motions to Compel Discovery of Documents were denied based on defendants not being able to locate the Group Contract. (Facts, ¶¶ 10, 11, 14, 15). Since the time defendants first claimed an undue burden in December 2005, defendants have not established any evidence showing due diligence to obtain a document identified as being the Group Contract for the purpose of "inspection" at the administrators "principal office" See *Curtiss-Wright v. Schoonejongen*, 514 U.S. 73, 84 (1995) (quoting ERISA § 1024(b)(2)). Plaintiff respectfully requests that the Court take notice that in defendants Opposition, defendants have not offered any clear, unambiguous statement that the reason defendants cannot locate a document identified as the "Group Contract" is because the Plan does not operate with any written instrument clearly identified as being the "Group Contract". Instead, defendants choose to enlarge the long list "bald assertions" that Exhibit H is to be believed to be the entire "Group Contract" because defendant has not been able to find a Group Contract.

Defendants provide no specific case law or statute to prove a premise that under res judicata, a plan participant in an ERISA welfare benefit plan has a duty to work diligently to make up for the failure of a Plan Administrator who has not used care, skill, prudence and

diligence in the administration of the Plan . Decades of ERISA case law show the opposite to be true that the Courts enforce fiduciary duties of the Plan Administrator where the participant is allowed to rely on the fiduciary for full disclosure even in the absence of a request. See e.g. *Farr v. U.S. West*, 151 F.3d 908, 913 (9th Cir. 1998), cert. denied U.S., 120 S. Ct. 935 (2000) (A "fiduciary has an obligation to convey complete and accurate information material to the beneficiary's circumstance, even when a beneficiary has not specifically asked for the information"). See also Restatement of Trusts, section 173, comment d, which holds "[t]he trustee is under a duty to communicate to the beneficiary material facts affecting the interest of the beneficiary which he knows the beneficiary does not know but needs to know for his protection…". The Court should examine the applicability of res judicata in this matter in the light of Federal Rules of Civil Procedure, Rule 60(b) which provides for new trials under Rule 59(b) due to "1) mistake, inadvertence, surprise, or excusable neglect; …(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party". A fiduciaries failure of full and honest disclosure can at best be called a "mistake" or worse, and thus defendants claims to protections under res judicata should be barred.

For these reasons, Plaintiffs Motion for Summary Judgment should be granted and the Defendants Motion for Summary Judgment should be denied.

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 16th day of March, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933