UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 06-513ML |
| | : | |
| NFA CORPORATION | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before the Court is Defendant NFA Corporation d/b/a Hope Global's ("NFA" or "Defendant") Motion for Attorneys' Fees. (Document No. 8). Lorraine Femino, *pro se* Plaintiff, filed an Objection to the Motion. (Document No. 21). The Motion has been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72. A hearing was held on April 11, 2007, and the Court has reviewed the Memoranda submitted by the parties and considered relevant legal research. For the reasons discussed below, I recommend that Defendant's Motion for Attorneys' Fees (Document No. 8) be DENIED. However, I recommend the imposition of other sanctions, as detailed below.

**Background**

Plaintiff has filed three separate lawsuits in this Court against NFA, her former employer. Each of the lawsuits arises from the termination of Plaintiff's long-term disability benefits, and each lawsuit alleges wrongful behavior by NFA in connection with the termination of those benefits.[1]

---

[1] Plaintiff has brought suit against Prudential in state court in 2004 challenging the termination of her long-term disability ("LTD") benefits. That suit was removed to this Court in July 2004 due to the presence of ERISA jurisdiction and dismissed by stipulation shortly thereafter.

Plaintiff first brought suit in 2005 in Femino v. NFA Corporation d/b/a Hope Global, et. al., No. 05-19ML ("Femino I"). In that case, Plaintiff asserted three claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq. arising from the termination of her benefits. On July 17, 2006, Defendants' Motion for Summary Judgment was granted in Femino I, and on September 5, 2006 the District Court entered final judgment in favor of Defendants and against Plaintiff. Plaintiff did not appeal the adverse judgment in that case.

While Femino I was still pending, Plaintiff filed an additional lawsuit on March 28, 2006, Femino v. NFA Corporation, No. 06-143ML ("Femino II"). In that action, Plaintiff alleged several violations of the Americans with Disabilities Act and ERISA. Defendant filed a Motion for Summary Judgment and a Motion for Attorneys' Fees in that matter. I am recommending that the District Court grant Defendant's Motion for Summary Judgment in Femino II. Finally, on November 27, 2006, Plaintiff filed a Complaint for Injunctive and Declaratory Relief in this case ("Femino III"). Plaintiff's Complaint alleges entitlement to certain information under ERISA. In each of her three cases, Femino has been permitted to proceed *in forma pauperis*.

Defendant filed the present Motion for Attorneys' Fees, claiming Plaintiff's claims are "devoid of merit, have varied little from case to case and have resulted in substantial legal fees for the defendant." Document No. 8 at 2. Defendant also claims Plaintiff "has unreasonably and vexatiously multiplied the proceedings," and has "repeatedly raised identical or similar claims making only slight changes at each pass." Id. at 4-5. At the hearing on the matter, Defendant reiterated that Plaintiff's pattern of filing separate lawsuits should not be condoned by the Court, and counsel noted that Plaintiff has been "unwilling to accept the decisions of this court and [has] elect[ed] to litigate her claims piecemeal."

**Standard**

Defendant requests that the Court award payment of its attorneys' fees based upon 28 U.S.C. §1927. That section states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Defendant argues that, based on Plaintiff's conduct, the Court should award NFA its attorneys' fees under that statute.

Several Courts of Appeals have considered whether 28 U.S.C. § 1927 applies to *pro se* litigants. See Godwin v. Marsh, 266 F. Supp. 2d 1355, 1358-1359 (M.D. Ala. 2002) (noting that the Second and Fifth Circuits have held that § 1927 applies to attorneys but not to parties and that the Ninth Circuit has held that the section is applicable to *pro se* plaintiffs.) The Godwin Court noted that the language of Section 1927 states that it applies to an "attorney or other person admitted to conduct cases" in the Court, and that the word "admitted" indicates that the statute does not apply to *pro se* litigants. Id. The First Circuit Court of Appeals has not considered the applicability of 28 U.S.C. § 1927 to *pro se* litigants, and I find the reasoning of the Godwin court (as well as the Second and Fifth Circuits) that Section 1927 does not apply to *pro se* litigants. However, even if the First Circuit permitted the imposition of sanctions upon a *pro se* plaintiff under Section 1927, the particular facts of this case, as well as the applicable cases, do not support a fee award.

First, even assuming the First Circuit authorized me to impose fees upon a *pro se* plaintiff, Section 1927 requires that I consider the litigant's conduct from an "objective standpoint" and find that "the conduct sanctioned be more severe than mere negligence, inadvertence, or incompetence."

Obert v. Republic W. Ins. Co., 264 F. Supp. 2d 106, 124 (D.R.I. 2003). Although there is no question that Plaintiff's actions have unnecessarily multiplied these proceedings, the Court is unable to conclude that her actions were a result of something more than negligence, inadvertence or incompetence. Applying the test set out in Obert, therefore, Plaintiff should not be required to reimburse Defendant for its attorneys' fees under 28 U.S.C. §1927.

Nevertheless, the Court's decision that sanctions under 28 U.S.C. § 1927 are neither available nor warranted, should not be taken as an indication that Plaintiff's conduct is condoned by this Court. On the contrary, in the Court's view, the pattern of filing by Plaintiff is troubling and has subjected Defendant to substantial legal expense. Even though the Court has read Plaintiff's *pro se* papers liberally and granted her considerable latitude in conducting her cases, her status does not excuse her compliance with procedural or substantive law. See Femino v. NFA, No. 05-019 (Document No. 111) (citing Eagle Eye Fishing Corp v. U.S. Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994)). Thus, while I decline to recommend at this time that monetary sanctions be imposed as requested by Defendant, I do recommend that the District Court impose other sanctions under its inherent power to do so.

The Court's inherent power to sanction "extends to a full range of litigation abuses." Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993) ("[f]ederal courts plainly possess discretionary powers to regulate the conduct of abusive litigants.") In the present case, the Court has declined to impose a sanction of attorneys' fees, but does find that, under its inherent power, a sanction enjoining Plaintiff from filing any future cases in this Court against Defendant, and/or its current or former agents or employees, is appropriate. The Court is mindful that in crafting this injunction, it must be "[t]ailored to the

specific circumstances presented." Cok, 985 F.2d at 34. As set forth previously, Plaintiff has filed three separate lawsuits against NFA, each of which arise from the same common nucleus of facts, and which could have been commenced in a single, unified action. The Court has granted summary judgment in favor of Defendants in Femino I, and I am recommending that the Court grant Defendant's Motion for Summary Judgment in both Femino II and Femino III. Moreover, Plaintiff indicated to this Court that "if the alleged Summary Plan Description and Plan Document are accurate in accordance with Plan terms and ERISA, Plaintiff may have a valid claim for benefits against the Plan," Compl. ¶ 7. In her Motion for Summary Judgment, Plaintiff reiterated that the present action "could open a possible claim against the Plan for plaintiff." Document No. 15 at 12. Moreover, at Plaintiff's deposition, counsel for NFA asked her if she anticipated "bringing an additional action against NFA" if she did not receive a satisfactory answer in this case, and Plaintiff responded, "[a]t this time...I don't know." See Document No. 7, Ex. 1 at 12. Given Plaintiff's statements, as well as her past conduct, the Court believes that Plaintiff contemplates filing at least one additional lawsuit against NFA, clearly arising from the very same facts which were the subject of Plaintiff's three prior cases. Such piecemeal litigation, particularly utilizing *in forma pauperis* status, cannot be condoned by the Court. Therefore, I recommend that Plaintiff be enjoined from commencing any further actions in this Court against Defendant, and/or its current or former agents or employees, without first obtaining the prior approval of Chief Judge Lisi.

## Conclusion

For the reasons stated, I recommend that the District Court DENY Defendant's Motion for Attorneys' Fees (Document No. 8), but that the Court enjoin Plaintiff from commencing any further

actions in this Court against Defendant, and/or its current or former agents or employees, without first obtaining the prior approval of Chief Judge Lisi.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1990).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 6, 2007