UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 06-513ML |
| | : | |
| NFA CORPORATION | : | |

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Before the Court is Plaintiff Lorraine Femino's ("Plaintiff") Motion to Strike Portions of Defendant's Statement of Undisputed Material Facts. (Document No. 10). The Motion has been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72. A hearing was held on April 11, 2007, and the Court has reviewed the Memorandum submitted and considered relevant legal research. For the reasons discussed below, I recommend that Plaintiff's Motion to Strike (Document No. 10) be DENIED.

In connection with its Motion for Summary Judgment (Document No. 7), Defendant NFA Corporation ("Defendant") submitted a Statement of Undisputed Material Facts. See Document No. 7, Ex. B. Defendant's Motion for Summary Judgment argues that the claims asserted in this action are barred by the doctrine of res judicata based on the District Court's final judgment in a previous action filed by Plaintiff, Femino v. NFA Corp., No. 05-019ML. Not surprisingly, Defendant's Statement of Undisputed Facts uses, as its basis, the factual findings from Chief Judge Lisi's Memorandum and Order (Document No. 111) granting sumary judgment to Defendants in C.A. No. 05-019. In her Memorandum and Order, Judge Lisi found that, "[i]n 2003 Plaintiff's benefits were terminated as a result of the self-reported symptoms limitation contained in the Plan." Document No.

111 at p. 8. In its Statement of Facts, Defendant states that, "[b]enefits were subsequently terminated in 2003 based on the self-reported symptoms provision of the Plan limiting recovery for disabilities based on self reported symptoms to 24 months." Document No. 7, Ex. B at ¶ 7. Plaintiff asks the Court to strike the "final clause in this statement" because it is a "conclusion." See Document No. 10 at p. 5. The Court declines to do so, since the fact is clearly based on a finding made by Judge Lisi in a related case involving the same parties, which Plaintiff did not appeal. As such, Plaintiff's Motion to Strike that statement is meritless.

**Conclusion**

For the reasons stated, I recommend that the District Court DENY Plaintiff's Motion to Strike. (Document No. 10). Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1990).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 6, 2007