UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 06-513ML |
| | : | |
| NFA CORPORATION | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before the Court are Plaintiff Lorraine Femino's ("Plaintiff") Motion for Summary Judgment (Document No. 15) and Defendant NFA Corporation's ("NFA" or "Defendant") Motion for Summary Judgment (Document No. 7). The parties have filed Objections and replies to the Motions. These Motions have been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72. A hearing was held on April 11, 2007, and the Court has reviewed the Memoranda submitted by the parties and considered relevant legal research. For the reasons discussed below, I recommend that Plaintiff's Motion for Summary Judgment (Document No. 15) be DENIED and that Defendants' Motion for Summary Judgment (Document No. 7) be GRANTED.

**Background**

On November 27, 2006, Plaintiff filed a Complaint for Injunctive and Declaratory Relief. (Document No. 1). Plaintiff's Complaint alleges entitlement to certain information under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq. Defendant is the Plan Sponsor and the Plan Administrator of the "NFA Corporation Employee Long Term Disability Coverage for all Employees" plan (the "Plan"). Defendant's Statement of Undisputed Material

Facts ("Facts") ¶ 1. Plaintiff enrolled in the Plan when she began her employment with NFA in 1995. Id. ¶ 2. In 1999, the Plan was amended, and the Prudential Insurance Company of America ("Prudential") became the insurer. Id. ¶ 3. The amendments to the Plan included a twenty-four month benefit period for disabilities based on self-reported symptoms. Id. ¶ 4. Plaintiff stopped working in 2001 due to fibromyalgia. Id. ¶ 5. Plaintiff's claim for benefits was approved after an administrative appeal, and she began to receive payments under the Plan. Id. ¶ 6. Plaintiff stopped receiving benefits in 2003, based on the self-reported symptoms limitation to the Plan, which limit recovery to twenty-four months for self-reported symptoms. Id. ¶ 7. Based on these facts, Plaintiff has commenced several lawsuits.

Plaintiff brought suit in 2005 in Femino v. NFA Corp. d/b/a Hope Global, et. al., No. 05-19ML ("Femino I").[1] In that case, Plaintiff asserted three primary claims: (1) failure to disclose material modifications to the Plan in connection with the 1999 amendments, in violation of 29 U.S.C. §1022 and 29 C.F.R. 2520.104a-7; (2) breach of fiduciary duty by implementing the amended plan "without a written plan document" in violation of 29 U.S.C. §§ 1102 and 1104; and (3) breach of disclosure obligations by failing to timely provide Plaintiff a copy of the 1995 SPD upon her written request in November 2004. Id. ¶ 9. Plaintiff sought civil penalties under 29 U.S.C. § 1132(c)(1)(B). Id. On July 17, 2006, Defendant's Motion for Summary Judgment in Femino I was granted, and on September 5, 2006 the District Court entered final judgment in favor of the Defendants and against Plaintiff. Plaintiff did not appeal the adverse judgment in that case.

[1] Plaintiff also brought suit against Prudential in state court in 2004 challenging the termination of her long-term disability ("LTD") benefits. That suit was removed to this Court in July 2004 due to the presence of ERISA jurisdiction and dismissed by stipulation shortly thereafter.

While Femino I was still pending, Plaintiff filed a second lawsuit against NFA, Femino v. NFA Corp., No. 06-143ML ("Femino II"). In that action, Plaintiff alleged violations of the Americans with Disabilities Act and ERISA. Defendant also filed a Motion for Summary Judgment in that action, which is currently pending. Finally, on November 27, 2006, Plaintiff filed a third lawsuit, i.e., this Complaint for Injunctive and Declaratory Relief. ("Femino III"). Plaintiff's Complaint alleges entitlement to certain information under ERISA. Specifically, Plaintiff requests that the Court "[o]rder such appropriate equitable and remedial relief to ensure that Plaintiff receives accurate and comprehensive information on Plan policies that may exist in Plan documents apart from the document referenced herein as 'Exhibit H'..." Document No. 1 at 11.

**Summary Judgment Standard**

A party shall be entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When deciding a motion for summary judgment, the Court must review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. Cadle Co. v. Hayes, 116 F.3d 957, 959 (1st Cir. 1997).

Summary judgment involves shifting burdens between the moving and nonmoving parties. Initially, the burden requires the moving party to aver "an absence of evidence to support the nonmoving party's case." Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986)). Once the moving party meets this burden, the burden falls upon the nonmoving party, who must oppose the motion by presenting facts that show a genuine "trialworthy issue remains." Cadle, 116 F.3d

at 960 (citing Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994)). An issue of fact is "genuine" if it "may reasonably be resolved in favor of either party." Id. (citing Maldonado-Denis, 23 F.3d at 581).

To oppose the motion successfully, the nonmoving party must present affirmative evidence to rebut the motion. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57, 106 S. Ct. 2505, 2514-2515, 91 L. Ed. 2d 202 (1986). "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, [or] unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Moreover, the "evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve." Id. (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)). Therefore, to defeat a properly supported motion for summary judgment, the nonmoving party must establish a trialworthy issue by presenting "enough competent evidence to enable a finding favorable to the nonmoving party." Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993) (citing Anderson, 477 U.S. at 249).

**Discussion**

Defendant moves for summary judgment arguing that the claims raised in the present lawsuit are barred by the doctrine of res judicata. The Supreme Court noted that, "[u]nder the federal law of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that *were* raised or *could have been* raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). (emphasis added). "The doctrine of res judicata promotes the goals of fairness

and efficiency by preventing vexatious or repetitive litigation." Caballero-Rivera v. Chase Manhattan Bank, N.A., 276 F.3d 85, 86 (1st Cir. 2002). Moreover, the doctrine "prevents plaintiffs from splitting their claims by providing a strong incentive for them to plead all factually related allegations and attendant legal theories for recovery the first time they bring suit." Apparel Art Int'l, Inc. v. Amertex Enters., Ltd., 48 F.3d 576, 583 (1st Cir. 1995); AVX Corp. v. Cabot Corp., 424 F.3d 28, 31 (1st Cir. 2005) ("[t]he implicit rationale is that for the sake of efficiency, all such claims should be brought together, if this is possible. In short, the res judicata doctrine functions not only in its traditional role of preventing repeat claims, but has become a compulsory joinder requirement for closely related claims.")

To determine if Plaintiff's claims are barred by res judicata, the Court considers three factors: (1) whether a final judgment was entered on the merits in a previous suit; (2) whether there is sufficient identity between the causes of action asserted in the earlier and later suits; and (3) whether there is sufficient identity between the parties in the two suits. Apparel Art, 48 F.3d at 583. In this case, the Court need not devote significant attention to the first and third factors. As noted, the District Court entered final judgment against Plaintiff in Femino I, a case which involved the same parties present in this action.

The key question in this case is whether the claims presented in the two actions are sufficiently identical. The First Circuit Court of Appeals has adopted the analysis set forth in the Restatement (Second) of Judgments for defining a cause of action. See id. The First Circuit has noted that, "[i]n most situations involving federal claims, it is now enough to trigger claim preclusion that the plaintiff's second claim grows out of the same transaction or set of related transactions as the previously decided claim." AVX Corp., 424 F.3d at 31.

The claims in Femino I and this action grow out of the same transaction. At her deposition, counsel for NFA asked Plaintiff several questions concerning the nature and relatedness of the claims in this action with other actions. Femino agreed with counsel for NFA that in Femino I she "filed motions to compel Hope Global to provide [her] with additional plan documents," and that she was unable to obtain those documents. She further agreed that, "the reason that [she] filed the third action [was] to obtain documents that [she] believe[s] exist." See Document No. 7, Exhibit B, at 13. She also stated that there was no reason to file the present action other than to obtain documents that she believes exist that she was not able to obtain in the first action. Id. at 14. Further, she specifically stated that "[i]f what was said before...that this blue book was the contract, which, I disagree, then, you're right, I don't have a claim and we might as well just, you know, dismiss it. But I believe that Hope Global is holding back on me...." Id. at 13. According to Plaintiff's own admissions, therefore, the claims she advances in this case are merely an attempt to relitigate claims she raised in Femino I concerning what constitutes the amended plan document and to relitigate unsuccessful discovery motions.

In the Memorandum and Order issued in Femino I, Chief Judge Lisi found that "the amended Plan document and the summary plan description are physically joined in the same document. The summary plan description is conspicuously so titled and is separated from the Plan document by an intervening cover page." See C.A. No. 05-019, Document No. 111 at 12. Despite this clear finding by the District Court, Plaintiff filed the present lawsuit, alleging a breach of fiduciary duties under ERISA and stating that the lawsuit, "pertains to NFA's refusal to provide an understandable answer to a question requested by plaintiff asking which Plan documents contain policies used to determine the termination of plaintiffs [sic] Plan benefits." See Complaint at ¶ 5.

In addition to being related to the claims raised in Femino I, the present action is also intertwined with Femino II. At the hearing on this matter, Plaintiff stated she "had an order from Judge Lisi requesting me to go to a third party." Plaintiff then quoted an Order in Femino II in which Judge Lisi denied her appeal of a discovery order I issued regarding her request that NFA be compelled to produce documents which it repeatedly stated it did not have. Rather than ordering Plaintiff to do anything, Judge Lisi merely denied her appeal and stated that "Magistrate Judge Almond took great pains to explain to Plaintiff in detail why she was not entitled to compel discovery from Defendant and further explained how she could proceed to acquire the requested document from a third party." See Femino II, Document No. 17. Plaintiff wholly misinterprets Judge Lisi's order, which merely restated my advice to Plaintiff that she was not entitled and could not compel documents from Defendant if it did not have possession, custody or control of the documents. Despite the lengthy explanation I gave to Plaintiff and Judge Lisi's straightforward denial of her appeal of my Order, Plaintiff remains convinced that Defendant is withholding documents from her, but offers nothing more than her unsupported suspicion. Plaintiff is now attempting to use the Order quoted above as a justification for filing this third lawsuit and continuing her search for additional documents.

The relatedness of the claims in this case and the claims raised in Femino II was apparent upon the Court's initial review of the Complaint pursuant to 28 U.S.C. § 1915. Upon reviewing the allegations contained in her Complaint, the Court noted that "the action appears directly related to relief Plaintiff believes she was wrongfully denied in a discovery dispute in C.A. No. 06-143ML. If Plaintiff is using this 'new' action solely as an avenue to appeal the denial of her Motion to Compel in C.A. No. 06-143ML or to get a 'second bite at the apple' regarding that discovery

dispute, Plaintiff's 'new' Complaint would be considered frivolous and subject to dismissal by the Court under Section 1915." See Document No. 3. At the initial screening, however, the Court declined to dismiss the case as frivolous, instead, allowing Plaintiff an opportunity to flesh-out her claims and convince the Court that its initial read of Plaintiff's motives in pursuing this case are incorrect. At this time, however, it is evident to the Court that its initial impression about the nature of Plaintiff's claims was absolutely correct: she is merely displeased with the Court's final judgment in Femino I, as well as the discovery orders issued in Femino II, and has attempted to use this lawsuit as an avenue to seek relief she believes she has been wrongfully denied.

While Plaintiff's legal claims are often unclearly stated, Plaintiff's own statements at her deposition, and at the hearing, were clear and convince this Court that the present action should be dismissed on the basis of res judicata. In Femino I, Judge Lisi found that the amended Plan document and the Summary Plan Description were physically joined in the same document and contained the twenty-four month, self-reported symptom limitation which is at the heart of Plaintiff's dispute with NFA. C.A. No. 05-19 (Document No. 111 at p. 12). Rather than appeal this Court's finding, Plaintiff continued her quest for further documents by way of a Motion to Compel in Femino II, and finally by filing this third action concerning the same issue. After reviewing the parties' submissions, the Court finds there are no material facts in dispute and that Defendant is entitled to summary judgment on the basis of res judicata.

Because the Court recommends that Defendant's Motion for Summary Judgment be granted based on res judicata, the Court need not fully address the arguments Plaintiff sets forth in her Motion for Summary Judgment. Accordingly, I recommend that the District Court find that

Plaintiff's claims are barred by res judicata, and therefore, I also recommend that Plaintiff's Motion for Summary Judgment be denied.

**Conclusion**

For the reasons stated, I recommend that the District Court GRANT Defendant's Motion for Summary Judgment (Document No. 7) and DENY Plaintiff's Motion for Summary Judgement. (Document No. 15). Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1990).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 6, 2007