**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| **VS.** | : | |
| | : | **C.A. 06-513ML** |
| | : | |
| | : | |
| **NFA CORPORATION** | : | |

**PLAINTIFF LORRAINE FEMINO'S OBJECTION TO MAGISTRATE JUDGE LINCOLN D. ALMOND'S REPORT AND RECOMMENDATION**

**Lorraine Femino, Pro Se**
**4 Bayou Drive**
**Greenville, R.I. 02828**
**(401)-949-4933**

## I. Introduction

Plaintiff submits the following objections to Magistrate Lincoln D. Almonds June 6, 2007 Report and Recommendation ("Report"). The Report recommends that the Court grant Defendant NFA Corporation's ("defendant NFA") Motion to Dismiss with respect to all counts in Plaintiffs Complaint. Plaintiff respectfully objects to dismissal of all Counts pertaining to the Employment Retirement Income Security Act ("ERISA").

Plaintiff submits that the facts as alleged in the Complaint and plaintiffs Motion for Summary Judgment are sufficient as a matter of law to support the ERISA claims on the theory that plan participants have the right to protect possible plan benefits a participant may be entitled to from forfeiture. The Report produces no case law or statute specifically pertaining to matters between a beneficiary and fiduciary showing that ERISA protections can be excused under the Doctrine of Res Judicata.

## II. The Magistrate incorrectly ruled that the doctrine of res judicata controls this ERISA matter.

### 1. The final judgment in Femino I is based on extrinsic evidence provided by the Plan administrator and cannot change the expressed written terms of the Plan.

In Femino v. NFA Corporation d/b/a Hope Global, C.A. 05-019ML, ("Femino I"), the Court ruled that the document "Exhibit H" represented the Plan document based on affidavit submitted by defendant NFA. The plain language of the Plan as contained in Exhibit H defines the plan as being "a line of coverage under the "Group Contract". See Plaintiffs Statement of Undisputed Facts, Lorraine Femino v NFA Corporation, CA 06-513, Document 17 ("Facts") at 22, (The name "Plan" in the Plan means a line of coverage

under the Group Contract); See also Facts at 23 (Exhibit H is…not identified in any place as being the "Group Contract".); Facts at 24 (Exhibit H is…not identified in any place as being the "Plan document"). Defendant NFA provided no hard evidence that the Plan itself does not use any other written instruments apart from Exhibit H to define a payable claim, nor did NFA provide any hard evidence to show that Exhibit H is also the entire Group Contract for the Plan. In the absence of any clear written identification in Exhibit H showing Exhibit H to also be the entire Group Contract, Exhibit H violates 29 CFR 2520.104b-1 (b)(3) by not being identified in any place as being the "Group Contract" or the "Plan document". 29 CFR 2520.104b-1 (b)(3) states in pertinent part that;

> "For purposes of section 104(b)(2) of the Act, where certain documents are required to be made available for examination by participants and beneficiaries in the principal office of the plan administrator …disclosure shall be made pursuant to the provisions of this paragraph. Such documents must be current, readily accessible, and clearly identified…" .

The written terms of the Plan state that the Group Contract is the defining Plan document and thus a ruling in Femino I based on extrinsic evidence provided by the Plan administrator cannot change the expressed written terms of the Plan. See Gordon v. Barnes Pumps Inc., 999 F.2d, 133 at 137 (6th Cir. 1993) ("a basic principle of ERISA is that a plan may not be modified or superseded by oral statements or other extrinsic evidence"); Hozier v. Midwest Fasteners, 908 F.2d 1155 at 1163 (3d Cir. 1990) ("the

unambiguous written provisions of a plan must control, and extrinsic evidence may not be introduced to vary the express terms of a plan").

The ruling in Femino I cannot be considered a final ruling on the expressed written terms of the Plan.

**2. The doctrine of res judicata cannot be used to cause a plan participant to forfeit statutory protections under ERISA**

Plaintiff remains a plan participant of the Plan (Facts 1). Plaintiffs rights to protect possible Plan benefits are statutorily protected rights under ERISA. See Cooper vs. IBM Personal Pension Plan, 274 F.Supp.2d 1010, 1014 (S.D. Ill. 2003). ("The plain language of [ERISA § 502(a)(3)] confers statutory standing to plan participants,...who seek to protect their employee benefit rights").

"[A] fiduciary must disclose material facts of which plan participants are unaware but need to know in order to protect their interests in dealing with third parties" Armstrong v. Jefferson Smurfit Corp., 30 F.3d 11, 12 (1st Cir. 1994) (citing Bixler v. Central Pa. Teamsters Health & Wel. Fund, 12 F.3d 1292 at 1300 (3d Cir.1993). In Bixler, the Court recognized that "[t]he fiduciaries obligations will not be excused merely because [participant] failed to comprehend or ask about a technical aspect of the plan." See Id at 1300. "Allowing an injured beneficiary recourse through the courts is furthermore, essential to fulfilling the purpose of ERISA". See Id at 1299.

In the DC Circuit's opinion in Eddy v. Colonial Life Ins. Co., 919 F.2d 747, (DC Circuit 1990) the case involved an ERISA plan participants right to receive accurate plan information once the participant made a single phone call to the plan fiduciary where the participant informed the fiduciary of the predicament on the call. See Id at 751 The Court affirmed the right of an ERISA plan participant that "[r]egardless of the precision

of his question, once a beneficiary makes known his predicament, the fiduciary is under a duty to communicate ...all material facts in connection with the transaction he knows or should know". See Id at 751. A fiduciary's duty...is not discharged simply by the issuance and dissemination of ...documents and notices. See Id at 750. The Third and DC Circuits fulfilled one of the basic mandates of statutory construction: that remedial statutes such as ERISA should be interpreted broadly, in favor of the party to be protected. See PBR, Inc. v. Sec'y of Labor, 643 F.2d 890, (1st Cir. 1981).

"The doctrine of res judicata promotes the goals of fairness and efficiency" Caballero-Rivera v. Chase Manhatten Bank, N.A., 276 F.3d 85, 86(1st Circuit 2002). In matters pertaining to Plan administration and requests for accurate Plan information, ERISA demands that a participant must look only to the named Plan Administrator. See Curtiss-Wright v. Schoonejongen, 514 U.S. 73, 79 (1995) (holding that the procedure for plan administration as defined under 29 U.S.C. § 1102(b)(2)) is the naming of a plan administrator where a plan participant must look only to the named administrator for plan information "and not to any other person..., not to any union, not to any third-party trustee, and not to any of the other kinds of outside parties") The Plan administrator has the duty to make plan information "understandable" for Plan participants. See e.g. Harte v. Bethlehem Steel, 214 F.3d 446 at 448 and 452-3 (3d Cir. 2000) (A Plan administrator has a special duty to offer "complete and accurate" disclosures about provisions that are "confusing" or "likely to be misunderstood.").

In this matter, the Report and Recommendation cites no case law involving the legal obligations between a fiduciary and a beneficiary and whether or not such obligations can be excused under the doctrine of res judicata. Even if such a case were

presented, the facts of the instant case are distinctive in that the Court itself initially excused defendant NFA fiduciary obligations to provide documents based on defendants NFA's alleged undue burden. (Facts 11) In this matter, NFA has provided no evidence that the original undue burden remains unalterable and therefore the doctrine of res judicata should not apply to this specific matter.

### 3. Where fiduciary obligations exist, and a fiduciary has not provided accurate information, the omission must be ruled a "mistake; inadvertence; excusable neglect; newly discovered evidence; fraud and an exceptional circumstance against a beneficiary.

Where fiduciary obligations exist, the Court should rule that where a fiduciary has not provided accurate information, the omission can only be ruled a "mistake; inadvertence; excusable neglect; newly discovered evidence; fraud, etc" See Fed. Rules of Civ. Proc. 60(b). As the Bixler Court held "the [fiduciary] duty recognizes the disparity of training and knowledge that potentially exists between a lay beneficiary and a trained fiduciary". See Bixler, supra 12 F.3d 1292 at 1300. A fiduciary who provides erroneous plan information to a lay beneficiary cannot be allowed protections under the doctrine of res judicata since such terms cannot be deemed as promoting the goals of "fairness and efficiency" as prescribed under the doctrine of res judicata. See e.g. Caballero-Rivera v. Chase Manhatten Bank, N.A., Supra 276 F.3d 85, 86 ( "The doctrine of res judicata promotes the goals of fairness and efficiency"). Under Fed. Rules of Civ Proc. 60(b) relief is "extraordinary relief" reserved for "exceptional circumstances," given the countervailing interest in the finality of such orders. See United States v. One Urban Lot, 882 F.2d 582, 585 (1st Cir. 1989). F.R.C.P. 60(b) should preclude a fiduciary from protections under the doctrine of res judicata where a beneficiary is concerned

**4. There is not sufficient identicality between NFA as plaintiffs employer and NFA in their role as the Plan administrator and Plan Fiduciary to warrant that the doctrine of res judicata applies.**

In Lorraine Femino v. NFA Corporation, d/b/a Hope Global et.al., CA 05-019, defendant NFA was the named defendant in their capacity as plaintiffs employer. In the instant case, plaintiff has properly identified defendant NFA in their capacity as the Plan administrator and Plan fiduciary for the purpose of providing information pertaining to the Plan. See Beddall v. State Street Bank and Trust Company, 137 F. 3d 12, 18 (First Circuit 1998) ("An ERISA fiduciary, properly identified, must employ within the defined domain "the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use." 29 U.S.C. 1104(a)(1)(B)). See also Eddy v. Colonial Life Ins. Co., 919 F.2d 747, 750 (D.C. Cir. 1990). (Holding that the common law of trusts generally treats the communication of material facts to the beneficiary as "the core of a fiduciary's responsibility.") Plaintiff is properly identified as being a Plan Participant in the Plan. (Lorraine Femino v. NFA Corporation, C.A. 06-513, Statement of Undisputed Facts, Document 52, (Facts), at 1) NFA is properly identified as the Plan fiduciary in their capacity as the Plan administrator (Facts at 2) See also Pegram v. Herdrich, 530 U.S., 211, 212 (2000) (Holding a fiduciary is "someone acting in the capacity of a manager, administrator, or financial advisor to a plan"). See also ERISA Sec. 3(21); 29 U.S.C. 1003(21). The distinction between plaintiffs employer and defendant NFA's duties as the named Plan Administrator and Plan fiduciary should be upheld as a sufficient distinction on the parties in this matter.

## IV. CONCLUSION

As a matter of law, the Court should DENY the conclusions in the Report that the doctrine of res judicata is enforceable in matters of ERISA fiduciary duties. Therefore the Report and Recommendation should not be allowed to stand as it relates to the ERISA matters and plaintiffs motion for summary judgment be GRANTED.

June 20, 2007

Respectfully submitted

Lorraine Femino

Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 20th day of June, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933